J-S94006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMILCAR RIVAS-RIVERA | |
| Appellant | No. 518 MDA 2016 |

Appeal from the PCRA Order March 11, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000099-2012,
CP-36-CR-0000100-2012, CP-36-CR-0000101-2012,
CP-36-CR-0000102-2012, CP-36-CR-0000108-2012,
CP-36-CR-0000120-2012

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED FEBRUARY 21, 2017**

Amilcar Rivas-Rivera appeals, *pro se*, from the order entered in the Court of Common Pleas of Lancaster County, denying his second petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA").  After our review, we affirm.

Rivas-Rivera entered an open guilty plea to fifty-four (54) felony counts arising out of a string of burglaries in Lancaster County that occurred throughout September and October of 2011.  On February 12, 2013, the court sentenced Rivas-Rivera to an aggregate term of fifteen to thirty years'

---

[*] Former Justice specially assigned to the Superior Court.

imprisonment.[1]  Rivas-Rivera filed a motion to modify sentence, which was denied.  No direct appeal was filed.

Rivas-Rivera filed a timely first PCRA petition on February 6, 2014.[2] The court appointed counsel, who filed an amended petition.  In his petition, Rivas-Rivera claimed his guilty plea was involuntarily entered because trial counsel was ineffective.  He claims counsel misled him with respect to the terms of the plea agreement, telling him that the Commonwealth would withdraw four burglary and attempt charges to which he claimed innocence, as long as he pled guilty to the remaining charges, and that the charges would be dropped after the guilty plea was signed.  The PCRA court held a hearing and denied relief on October 31, 2014.  On appeal, this Court affirmed, **Commonwealth v. Rivas-Rivera**, 1926 MDA 2014 (unpublished memorandum, filed June 19, 2015), and the Pennsylvania Supreme Court denied allowance of appeal.

_____

[1] At his guilty plea hearing/sentencing, Rivas-Rivera acknowledged that his maximum prison sentence was 887 years and his maximum fine was $1,340,000.00.  N.T. Guilty Plea/Sentencing, 2/12/13, at 10-11. The court stated, however, that his exposure under the plea agreement was 440 years plus fines of $625,000.00.  **Id.** at 11.

[2] Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).  Here, Rivas-Rivera was sentenced on February 12, 2013, and his post-sentence motions were denied on March 11, 2013.  His time for direct appeal expired on April 10, 2013; thus, he had had until **April 10, 2014**, to file any and all petitions for collateral relief.

Rivas-Rivera filed this, his second petition, on February 1, 2016. The court issued a notice of dismissal without a hearing pursuant to Pa.R.Crim.P. 907, and Rivas-Rivera filed a timely response. On March 11, 2016, the PCRA court dismissed Rivas-Rivera's petition, concluding it was untimely.[3] This appeal followed. The court ordered Rivas-Rivera to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), and Rivas-Rivera timely filed his statement on March 31, 2016.

Rivas-Rivera raises the following issues on appeal:

1. Whether the trial court erred in dismissing Rivas-Rivera's PCRA petition without a hearing, where his guilty plea counsel was ineffective for unlawfully inducing her client to plead guilty on an illusory agreement that certain charges would be withdrawn if he signed the guilty plea; Rivas-Rivera signed the guilty plea but the charges were not withdrawn.

2. Whether guilty plea counsel was ineffective for failing to keep her client fully informed of all options throughout the proceeding, in compliance with **Commonwealth v. Mickens**, 597 A.2d 1196 (Pa. Super. 1991) (lawyer has the duty to "keep the accused fully informed" of all options throughout the proceedings), quoting **Commonwealth v. Saxton**, 516 Pa. 196, 200, 532 A.2d 352, 354 (1987) (quoting) American Bar Association, Standards, Standards for Criminal Justice (A.B.A. Standards 4-3.1(a), 4-3.8, 4-6.2(a)) where trial counsel failed to inform Rivas-Rivera that he could have pled

_____

[3] As explained in note 2, **supra**, Rivas-Rivera had until April 10, 2014, to file any and all petitions for collateral relief. This second petition, therefore, is patently untimely. The PCRA court also determined that Rivas-Rivera's first two issues were previously litigated. An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." **See** 42 Pa.C.S. § 9543(a)(3).

guilty to some charges and gone to trial on the charges that he did not want to plead guilty to.

3. Whether the court erred by not considering the newspaper article that Rivas-Rivera found as newly-discovered evidence pursuant to 42 Pa.C.S. § 9545(b)(2)(ii) and **Commonwealth v. Castro**, 93 A.2d 818, 822 (Pa. 2014).

Appellant's Brief, at 4.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016); **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. Super. 1999). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). There are three statutory exceptions to the PCRA's timeliness provisions that allow for limited circumstances under which an otherwise untimely PCRA petition may be reviewed. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Here Rivas-Rivera's petition was filed on February 1, 2016, almost two years after the filing deadline of April 10, 2014. *See* note 2, *supra*. Rivas-Rivera alleges, however, that his petition is timely under the newly-discovered facts exception to the PCRA time requirement. *See* 42 Pa.C.S. § 9545(b)(ii). He claims a newspaper article he discovered on August 13, 2015, constitutes an after-discovered fact under section 9454(b)(ii). *See* Response to Pa.R.Crim.P. 907 Notice of Intent to Dismiss, 3/10/16. However, Riva-Riveras failed to file his petition within 60 days of discovering the newspaper article, or by October 13, 2015, as required by section 9545(b)(2). *See Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 783 (2000) ("[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims."). We, therefore, affirm the trial court's order dismissing Rivas-Rivera's second PCRA petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017