J-S27042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT OUTLAW, | |
| Appellant | No. 1530 EDA 2015 |

Appeal from the PCRA Order May 12, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1101321-2003

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED MAY 02, 2017**

Appellant, Robert Outlaw, appeals from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order denying PCRA relief, and remand this matter to the PCRA court for further proceedings.

A prior panel of this Court set forth the factual and procedural history of this case as follows:

> Just after midnight on September 3, 2000, Appellant, positioned behind a wall, fired at the nineteen[-]year[-]old victim, Jamal Kelly, with whom he had argued over money [earlier] in the day, threatening him with a firearm.[1]  Kelly,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Relevant to this appeal, Appellant contends that he was sixteen years old at the time of the offense.  (**See** Appellant's Brief, at 14, 28, 30, 33).
*(Footnote Continued Next Page)*

struck in the back by two bullets as he sat on the steps of a house with a young woman, crawled a short distance down the block and collapsed; he died from internal injuries thirteen days later.

In December of 2004, Appellant was convicted by a jury of first degree murder and possessing an instrument of crime for Kelly's death, as well as aggravated assault, intimidation, and conspiracy related to an attack on one of the three eyewitnesses to the murder. The sentence of mandatory life imprisonment plus a consecutive ten to twenty year term for the remaining charges was affirmed on direct appeal, and Appellant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied [on August 16, 2007].

In September of 2007, Appellant filed [a] timely PCRA petition *pro se*. Appointed counsel filed an amended petition which was denied without a hearing, and [Appellant appealed]. . . .

(***Commonwealth v. Outlaw***, 2376 EDA 2009 (unpublished memorandum) at *1-2 (Pa. Super. filed Dec. 2, 2010)). On December 2, 2010, this Court affirmed the PCRA court's order. (***See id.*** at *1). Our Supreme Court denied Appellant's petition for allowance of appeal on August 11, 2011. (***See Commonwealth v. Outlaw***, 26 A.3d 1101 (Pa. 2011)).

On May 18, 2011, Appellant, acting *pro se*, filed the instant PCRA petition. Retained counsel filed amended petitions on July 3, 2012 and October 8, 2013, maintaining that Appellant's sentence is unconstitutional

*(Footnote Continued)* ─────────────

Documents included in the certified record list Appellant's date of birth as November 9, 1983, thereby supporting this contention. (***See*** Pretrial Services Investigation Report, 8/03/03, at 1; Philadelphia Police Department Arrest Report, 9/04/03, at 1). The Commonwealth states that there has been no judicial finding with respect to Appellant's age at the time of the offense. (***See*** Commonwealth's Brief, at 20).

pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (2012),[2] and raising a newly-discovered facts claim based on the affidavit of Katima Jackson, in which she averred she witnessed another man perpetrate the shooting.[3]  The PCRA court held an evidentiary hearing on November 24, 2014, and it entered its order denying the petition on May 12, 2015.  The court did not explain the basis for its decision in the order.  (**See** Order, 5/12/15).

On May 18, 2015, Appellant, acting *pro se*, filed a timely notice of appeal, and then a timely court-ordered concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  On October 13, 2015, after consideration of Appellant's *pro se* petition requesting remand, this Court remanded the matter to the PCRA court for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).  On December 31, 2015, the PCRA court entered an opinion, in which it stated that Appellant's

---

[2] In **Miller**, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole.  **See Miller**, **supra** at 2460.  Subsequently, while this appeal was pending, the Court determined in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), that the holding of **Miller** is a substantive rule of constitutional law that must be applied retroactively to cases on collateral review.  **See Montgomery**, **supra** at 736.

[3] Despite his representation by counsel, Appellant filed myriad *pro se* documents in the PCRA court.  However, our Supreme Court has made clear that a criminal defendant is not entitled to hybrid representation.  **See Commonwealth v. Blakeney**, 108 A.3d 739, 763 n.21 (Pa. 2014), *cert. denied*, 135 S.Ct. 2817 (2015).

petition is meritless, and that it "cannot render a meaningful opinion" because it had not conducted the **Grazier** hearing yet. (PCRA Court Opinion, 12/31/15, at 3; **see also id.** at 2); Pa.R.A.P. 1925(a). At the March 21, 2016 **Grazier** hearing, Appellant withdrew his request to act *pro se*, and he proceeds in this appeal represented by counsel. The PCRA court did not file a supplemental opinion, and the Commonwealth avers that the judge has retired. (**See** Commonwealth's Brief, at 15 n.2).

On appeal, Appellant raises the following issues for our review:

1. Did the PCRA court err in denying [] Appellant's request for a new trial based on the after discovered evidence of eye-witness, Katima Jackson?

2. Did the PCRA court err in failing to hold an evidentiary hearing on the statements provided to Appellant by witnesses Chris Holder, Lamar Rodgers, and Wesley Harmon?

3. Is [A]ppellant's 2005 mandatory life imprisonment without the possibility of parole sentence for a murder he allegedly committed as a 16 year old constitutional in light of **Miller**[, **supra**] and **Montgomery**[, **supra**]?

4. Is there any constitutional sentencing scheme that applies to juveniles convicted of first degree murder prior to June 24, 2012?

5. If there is no constitutional sentencing scheme applicable to juveniles convicted of first degree murder prior to June 24, 2012, should [A]ppellant's conviction be vacated and should he be resentenced for the lesser included offense of third degree murder?

(Appellant's Brief, at 4-5).

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. . . .

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (citations omitted).

With regard to the PCRA's timeliness restrictions,

a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. [*See* 42 Pa.C.S.A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *Id.* § 9545(b)(3).

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. . . .

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and case citations omitted).

Here, Appellant acknowledges that his petition is facially untimely,[4] and he claims the benefit of two exceptions to the time-bar. (*See* Appellant's Brief, at 21). Appellant first argues that the newly-discovered facts exception at section 9545(b)(1)(ii) applies, based on the affidavit of previously unknown witness Katima Jackson. (*See id.* at 19, 21-22). Appellant also argues the applicability of the exception set forth at section 9545(b)(1)(iii), by challenging his mandatory life without the possibility of parole sentence, and invoking the newly recognized constitutional right outlined in *Miller* as a basis for relief. (*See id.* at 27-33). However, we cannot engage in meaningful appellate review of this matter, based on the record before us.

> [Our Supreme] Court repeatedly has explained that, in order to enable appellate review, PCRA courts are required to provide a "legally robust discussion, complete with clear findings of fact where required." *Commonwealth v. Dennis*, 597 Pa. 159, 950 A.2d 945, 957 (2008) ("A generic statement that the record proves [PCRA] claims collectively non-meritorious tells us too little to support review."); *see also Commonwealth v. Weiss*, 604 Pa. 573, 986 A.2d 808, 816 n.4 (2009) ("a fact-finding court should support its determinations with sufficient explanations of the facts and law, including specific citations to the record for all evidence on which it relies, and to the legal authority on which it relies, to facilitate appellate review"); *Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 435

---

[4] Appellant's judgment of sentence became final on November 14, 2007, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had until November 14, 2008, to file a timely PCRA petition, and the instant petition, filed on May 18, 2011, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

(2009) (holding that, where PCRA court failed to explain the basis for its conclusion that claims were meritless, we could not conduct meaningful appellate review).

Where a PCRA court fails to support its holding with sufficient explanations of the facts and law, or fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate. *See Daniels*, *supra* (remanding matter to PCRA court for opinion addressing all of PCRA petitioner's claims). In addition, such a remand may necessitate further proceedings below. *See e.g. Commonwealth v. Roy Williams*, 557 Pa. 207, 732 A.2d 1167, 1181 (1999) (because PCRA court failed to make an independent credibility determination regarding proposed testimony, and because the PCRA court as factfinder is in a superior position to make such determinations, PCRA court was directed, on remand, to conduct a hearing, and render its own, independent findings of fact and conclusions of law regarding the credibility of the proposed testimony . . . ).

*Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015) (some citations omitted).

Here, the PCRA court expressly recognized that its opinion was not meaningful for purposes of facilitating appellate review, and it did not file a supplemental opinion. (*See* PCRA Ct. Op., at 3). Although Appellant's PCRA petition is facially untimely, the court did not address its timeliness, or whether Appellant met the initial jurisdictional threshold by establishing the applicability of a time-bar exception. The PCRA court also did not discuss its findings of fact, credibility determinations, or legal conclusions regarding Appellant's PCRA claims, and the Commonwealth acknowledges that the principal issue before the court was Katima Jackson's credibility. (*See* Commonwealth's Brief, at 15 n.2). Therefore, we are constrained to remand this matter to the PCRA court. We recognize that, because the PCRA judge

is no longer on the bench, the matter must be assigned to another judge, who did not preside over Appellant's PCRA hearing. If the assigned judge is unable to resolve Appellant's claims on the existing record, the judge is authorized to conduct an additional hearing, and admit evidence as necessary. **See Montalvo**, **supra** at 411-12 (vacating PCRA court's order and remanding matter for further proceedings where court's opinion was deficient and did not provide findings of fact, credibility determinations, or legal conclusions on appellant's PCRA claims, and PCRA judge who initially presided over matter had retired).

We observe that it appears from the record that Appellant is entitled to relief on his **Miller**/**Montgomery** sentencing claim, and that the Commonwealth does not oppose resentencing, if the PCRA court makes a judicial finding that Appellant was under the age of eighteen when he committed the offense. (**See** Commonwealth's Brief, at 9-10, 20).[5]

_____

[5] Appellant also seeks consideration of the newly-discovered facts claims he raised in *pro se* filings in the PCRA court, while he was represented by counsel. (**See** Appellant's Brief, at 25-27; *pro se* Amended PCRA Petition, 11/07/14, at 1-3; *pro se* Supplemental Amended PCRA Petition, 1/23/15, at 1-4; *pro se* Supplemental Amended PCRA Petition, 3/09/15, at 3-4) (raising claims based on affidavits of witnesses Chris Holder, Lamar Rogers, and Wesley Harmon). However, we reiterate that Appellant is not entitled to hybrid representation. "This is especially true on collateral review, and courts considering PCRA petitions [will not be required] to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants." **Blakeney**, **supra** at 763 n.21 (citation omitted). Therefore, Appellant is not entitled to consideration of these claims on remand.

Accordingly, the PCRA court's order is vacated, and the case is remanded for further proceedings, consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017