J-S40035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NICHOLAS EDWARDS | : | |
| | : | |
| Appellant | : | No. 2760 EDA 2016 |

Appeal from the PCRA Order August 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1006311-2003

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED JULY 06, 2017**

Nicholas Edwards appeals *pro se* from the order entered August 9, 2016, in the Court of Common Pleas of Philadelphia County, that dismissed his second petition under the Post-Conviction Relief Act (PCRA).[1] A jury convicted Edwards of murder of the first degree,[2] conspiracy,[3] and related crimes, and Edwards received a mandatory sentence of life imprisonment. In this appeal, Edwards raises 10 issues, including whether the petition is untimely, whether he is entitled to *habeas corpus* relief, whether prior

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 2502.

[3] 18 Pa.C.S. § 903.

counsel were ineffective for various reasons, and whether the trial court committed reversible error. Based upon the following, we affirm.

The facts of this case are fully summarized in this Court's decision affirming the judgment of sentence. *See Commonwealth v. Edwards*, 981 A.2d 917 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 989 A.2d 7 (Pa. February 5, 2010). The procedural history of this case is set forth in this Court's decision regarding Edwards' appeal from the denial of relief on his first PCRA petition. *See Commonwealth v. Edwards*, 120 A.3d 1043 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 119 A.3d 350 (Pa. July 29, 2015).

On August 21, 2014, while Edwards' appeal from the denial of relief on his first PCRA petition was pending in this Court, Edwards filed a *habeas corpus* petition, alleging that he was being unlawfully detained due to the lack of a written sentencing order in contravention of 42 Pa.C.S. § 9764(a)(8). On March 2, 2015, this Court affirmed the denial of relief on Edwards' first PCRA petition and, on July 29, 2015, the Pennsylvania Supreme Court denied Edwards' petition for allowance of appeal.[4]

---

[4] *Commonwealth v. Edwards*, 120 A.3d 1043 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 119 A.3d 350 (Pa. July 29, 2015).

On December 29, 2015, Edwards filed *pro se* the instant PCRA petition – his second. On April 26, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss, explaining the PCRA petition was untimely and Edwards' claim for *habeas corpus* relief also failed. On May 10, 2016, Edwards filed a *pro se* response to the Rule 907 notice, contending that PCRA statutory exceptions applied to his petition. On August 9, 2016, the PCRA court dismissed Edwards' PCRA petition and denied the *habeas corpus* petition. This appeal followed.[5]

In the first issue raised in this appeal, Edwards challenges the PCRA court's determination that the instant petition is untimely.

> Our standard of review over the denial of a PCRA petition is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Taylor***, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting ***Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283-84 (Pa. 2016).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of

---

[5] The PCRA court did not order Edwards to filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> (b) Time for filing petition.--
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Edwards' judgment of sentence became final for PCRA purposes on May 6, 2010, ninety days after the Pennsylvania Supreme Court's

February 5, 2010 denial of allowance of appeal in his direct appeal,[6] when the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.). U.S. Sup. Ct. R. 13. Therefore, Edwards had until May 6, 2011, to file a timely petition. Since the instant petition was filed on December 29, 2015, it is patently untimely and cannot be reviewed unless one of the statutory exceptions applies.

Edwards, in his response to the PCRA court's Rule 907 notice and in his brief to this Court, cites the PCRA exceptions set forth at 42 Pa.C.S. § 9545(b)(1)(i) and (ii). The PCRA court analyzed Edwards' petition in light of these statutory exceptions, as follows:

> Although [Edwards'] instant petition contains language reciting portions of the PCRA's statutory time-bar, he failed to meaningfully plead any of the exceptions enumerated within it. Instead, [Edwards] primarily presented allegations of counsel malfeasance sparsely interwoven with fragmented, undeveloped references to the time-bar. [Edwards'] attempt to raise layered claims of ineffectiveness was therefore insufficient to satisfy his burden of proof under section 9545(b)(1). **See Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) ("[I]t is well settled that allegations of ineffective assistance of

_____

[6] **See Commonwealth v. Edwards**, 981 A.2d 917 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 989 A.2d 7 (Pa. February 5, 2010).

counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

Moreover, despite accurately echoing our Supreme Court's uneasiness regarding the difficulty of challenging PCRA counsel's performance in practice, [Edwards'] contention that his petition should be deemed timely filed because he is challenging the effectiveness of his original post-conviction counsel has been unequivocally rejected. **See Commonwealth v. Robinson**, 139 A.3d 178, 186 (Pa. 2016) ("This Court has never suggested that the right to effective PCRA counsel can be enforced via an untimely filed PCRA petition.").

Finally, even if counsel malfeasance composed the timeliness exception, [Edwards] failed to file his instant petition within sixty days from the conclusion of appellate review on July 29, 2015.[7] **See** 42 Pa. Cons. Stat. § 9545(b)(2) (requiring any petition invoking one or more of these exceptions must be filed within 60 days from the date that the claim could have been presented). [Edwards] therefore failed to sufficiently invoke an exception to the PCRA's statutory time-bar.

PCRA Court Opinion, 11/10/2016, at 4–5 (footnotes omitted).

Based on our review of the record and the arguments of Edwards, we agree with the PCRA court's well-reasoned assessment. Accordingly, we conclude Edwards' petition fails to overcome the PCRA time-bar.

_____

[7] Edwards claims that on August 4, 2015 — within 60 days of the Pennsylvania Supreme Court's July 29, 2015 denial of allowance of appeal on his first PCRA petition — he mailed a second PCRA petition that was lost in the mail. Edwards relies on the "prisoner mail box rule" to argue his petition "is deemed timely regardless if it reaches the court." Edwards' Brief at 5. This assertion, however, does not help Edwards since he failed to satisfy any PCRA statutory exception.

In his second issue, Edwards maintains the PCRA court erred in denying him *habeas corpus* relief.[8] Our standard of review regarding a writ of *habeas corpus* is well-settled:

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted).

Edwards claims his detention is unlawful because "there [are] no records that exist relating to a lawful [] sentencing order[.]" Edwards' Brief at 8. ***See also*** Edwards' Petition for Writ of *Habeas Corpus*, 8/21/2014, at ¶8. Edwards cites 42 Pa.C.S. § 9764(a)(8), which provides:

> § 9764. **Information required upon commitment and subsequent disposition**
>
> **(a) General rule**. -- Upon commitment of an inmate to the custody of the Department of Corrections, the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC-300B generated from the Common Pleas

---

[8] Contrary to the claim in Edwards' brief that the PCRA court "changed" his petition for writ of *habeas corpus* "to a post-conviction relief act petition," the PCRA court's orders and opinion reflect the PCRA court treated the *habeas corpus* petition as the proper vehicle for Edwards' illegal detention claim. Edwards' Brief at 8.

Criminal Court Case Management System of the unified judicial system, the following information:

…

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

In ***Joseph v. Glunt***, 96 A.3d 365 (Pa. Super. 2014), this Court rejected the very same argument:

The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. **Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within**.

***Id.*** at 371 (emphasis added). The ***Joseph*** Court found persuasive cases that "deemed a record of the valid imposition of a sentence as sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under 42 Pa.C.S. § 9764(a)(8)." ***Id.*** at 372. In ***Joseph***, the criminal docket of the trial court and the transcript of the sentencing hearing confirmed the appellant's sentence. ***Id.*** at 372.

Here, as in ***Joseph***, the certified record confirms Edwards' judgment of sentence. As the PCRA court explained: "Upon reviewing the criminal docket through the Common Pleas Case Management System, the sentence

imposed by the Honorable Kathryn Lewis on February 3, 2006 was accurately docketed by the Clerk of Courts of [the Court of Common Pleas of Philadelphia County.]. PCRA Court Opinion, 11/10/2016, at 6. Therefore, Edwards' argument fails to warrant *habeas corpus* relief.

Having concluded the PCRA petition is untimely, and that no exception applies to overcome the PCRA time-bar, there is no jurisdiction to address Edwards' remaining claims. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017