**[J-72-2016]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 715 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated August 17, |
| | : | 2015 in the Court of Common Pleas, |
| | : | Cumberland County, Criminal Division |
| v. | : | at No. CP-21-CR-0001183-1996. |
| | : | |
| | : | |
| | : | |
| ANTYANE ROBINSON, | : | |
| | : | |
| Appellant | : | SUBMITTED:  March 30, 2016 |

**OPINION**

**JUSTICE BAER**                                    **DECIDED:  June 20, 2016**

This is an appeal from an order of the Court of Common Pleas of Cumberland County ("PCRA court"), dismissing as untimely a second petition filed by Antyane Robinson ("Appellant") pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Acknowledging that current Pennsylvania jurisprudence renders his petition time-barred, Appellant requests that we create an equitable exception to the PCRA's timeliness requirements.  For the reasons set forth herein, we decline Appellant's invitation and affirm the PCRA court's dismissal of his petition as untimely filed.

The record establishes that nearly twenty years ago, on June 29, 1996, Appellant went to the apartment of his former girlfriend, Tara Hodge, and found that Hodge had a male guest, Rashawn Bass, who was taking a shower.  An argument ensued, during

which Appellant shot Hodge three times, leaving her unconscious on the floor. Appellant thereafter proceeded to the bathroom where he shot Bass. Hodge regained consciousness and eventually identified Appellant as the shooter. Following a jury trial, Appellant was convicted of the first degree murder of Bass, the attempted criminal homicide of Hodge, and related offenses. During the penalty phase, the jury found that the aggravating circumstances outweighed the mitigating circumstances and returned a verdict of death.

Appellant thereafter filed a direct appeal in this Court, raising six claims of trial court error.[1] On November 24, 1998, we rejected Appellant's contentions and affirmed his judgment of sentence. Commonwealth v. Robinson, 721 A.2d 344 (Pa. 1998). The United States Supreme Court denied *certiorari* on January 10, 2000. Robinson v. Pennsylvania, 120 S.Ct. 804 (2000). Accordingly, for purposes of the PCRA, Appellant's judgment became final on that date. See 42 Pa.C.S. § 9545(b)(3) (providing that "[f]or purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

On October 16, 2000, within one year of the denial of *certiorari*, Appellant timely filed his first PCRA petition, raising twelve issues.[2] See 42 Pa.C.S. § 9545(b)(1)

---

[1] Specifically, Appellant asserted that the trial court: (1) erroneously admitted evidence at trial; (2) erred in precluding Appellant's mother from testifying as to why he had guns in the house; (3) erred in refusing to give a jury instruction on voluntary manslaughter; (4) erred in failing to include any life qualification questions during *voir dire*; (5) failed to rehabilitate certain jurors after they indicated that they would not vote to impose the death penalty; and (6) failed to give a jury instruction that a life sentence in Pennsylvania means life without the possibility of parole.

[2] Appellant argued that: (1) trial counsel was ineffective for failing to present evidence warranting a voluntary manslaughter charge and for failing to argue effectively on direct (continued…)

(providing generally that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . ."). The trial court conducted an evidentiary hearing on Appellant's petition and, on April 22, 2002, denied relief. This Court affirmed the denial of post-conviction relief on March 12, 2003, holding that five issues were not cognizable as they had been previously litigated on direct appeal and the remaining issues did not merit relief. Commonwealth v. Robinson, 877 A.2d 433 (Pa. 2005) ("Robinson II").[3]

On September 30, 2013, more than thirteen years after his judgment became final, Appellant filed the instant PCRA petition in the Court of Common Pleas of Cumberland County, raising seven issues. Therein, Appellant contended that counsel

---

(…continued)

appeal that he was entitled to such instruction; (2) trial counsel was ineffective for failing to argue that his death sentence was based upon an improper application of the perpetration of a felony aggravating circumstance; (3) trial counsel was ineffective for failing to present at sentencing evidence of his paranoid schizophrenia, family dysfunction and abuse, diminished capacity, and emotional trauma at the time of the offense; (4) the sentencing jury was never instructed that, if sentenced to life, he would be ineligible for parole; (5) trial counsel was ineffective for failing to object to the Commonwealth's cross-examination of his mother during the penalty phase; (6) trial counsel was ineffective for failing to argue that Appellant was tried while incompetent; (7) the Commonwealth's continuous misconduct throughout trial and sentencing prejudiced him; (8) trial counsel failed to object to improper victim impact testimony; (9) trial counsel was ineffective for failing to object to the court's erroneous jury charge regarding specific intent to kill and malice; (10) counsel was ineffective for failing to argue the lack of evidence supporting the (d)(7) aggravating circumstance and that it was vague and overbroad; (11) counsel ineffectively litigated on direct appeal the claim that the court erred in refusing to admit testimony of appellant's mother about why he had guns; and (12) the proportionality review performed by this Court on direct appeal was constitutionally defective.

[3] Appellant subsequently filed in the United States District Court for the Middle District of Pennsylvania a writ of habeas corpus raising eighteen issues. The federal district court denied relief, Robinson v. Beard, 2011 U.S. Dist. LEXIS 112326 (M.D. Pa. Sept. 30, 2011), the United States Court of Appeals for the Third Circuit affirmed, Robinson v. Beard, 762 F.3d 316 (3d Cir. Pa. 2014), and the United States Supreme Court denied *certiorari*. Robinson v. Wetzel, 136 S.Ct. 53 (2015).

who represented him during the litigation of his first PCRA petition ("PCRA counsel") was ineffective for omitting enumerated meritorious issues and for failing to develop adequately issues actually presented in that petition.[4]  Appellant further alleged that he was entitled to relief because of the cumulative prejudicial effect of the errors that were made in his case.

Notably, regardless of the obvious facial untimeliness of the petition, Appellant did not invoke any of the exceptions to the one-year time restriction contained in the PCRA.  See 42 Pa.C.S. § 9545(b)(1)(i)-(iii) (providing exceptions to the one-year time restriction where the petition alleges and the petitioner proves that: the failure to raise the claim previously was the result of interference by government officials; the facts upon which the claim is predicated were unknown and could not have been ascertained by the exercise of due diligence; or the right asserted is a constitutional right that was recognized by the United States Supreme Court or this Court after the time period provided in this section and has been held to apply retroactively).  Further, Appellant acknowledged the well-settled proposition that couching post-conviction issues in terms of ineffectiveness cannot "save" an untimely filed PCRA petition that does not fall into any of the exceptions to the PCRA's jurisdictional time bar.  See Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 785 (Pa. 2000) (holding that an allegation that PCRA

---

[4] Specifically, Appellant contended that PCRA counsel was ineffective for failing to raise the following issues: (1) he was denied his right to counsel when the trial court accepted his waiver of counsel absent a proper colloquy; (2) trial counsel breached her duty to consult with him regarding a viable defense strategy; (3) trial counsel waived his right to testify at trial without consulting him; and (4) trial counsel failed to object to the prosecutor's improper arguments during the guilt phase.  Appellant further asserted that PCRA counsel was ineffective in the manner that he litigated the issue involving trial counsel's failure to present a voluntary manslaughter defense and the challenge to the trial court's jury instruction on malice and specific intent to kill.

counsel was ineffective for failing to present available claims does not excuse compliance with the timeliness requirements of the PCRA).

Rather than asserting an exception to the timeliness requirement, Appellant asked the court to adopt a new procedure whereby it would review untimely PCRA petitions that challenge the effectiveness of PCRA counsel. He relied on recent United States Supreme Court case law, discussed infra, in which the High Court made an equitable determination that ineffective assistance of trial counsel claims, which collateral counsel failed to raise in the initial state post-conviction proceeding, could be examined in a federal habeas corpus proceeding if post-conviction counsel in the initial state collateral proceeding was either absent or ineffective. Appellant argued that, regardless of the untimeliness of a PCRA petition, Pennsylvania state courts should likewise review waived claims of trial counsel ineffectiveness in serial post-conviction proceedings where the petitioner alleges that PCRA counsel was ineffective.

In response, the Commonwealth filed a motion to dismiss Appellant's petition as untimely filed, noting that it was filed more than thirteen years after his judgment became final. It contended that the PCRA time-bar is jurisdictional in nature, Petitioner failed to assert any exception to the timeliness requirement, and, thus, the trial court lacked jurisdiction to address the merits of the petition.

The PCRA court agreed with the Commonwealth and declined to grant Appellant the requested relief, holding that it is not the role of the court to set policy for the Commonwealth by rewriting the PCRA. Moreover, the trial court held, the federal case law cited by Appellant did not require states to alter their post-conviction procedures, and, if any change in PCRA practices was warranted, that change should be effectuated by the General Assembly or our appellate courts. Because Appellant filed his PCRA petition more than one year after his judgment of sentence became final and did not

assert that an exception to the PCRA time-bar applied, the PCRA court held that the petition was untimely filed. Accordingly, the court refused to address the merits of Appellant's petition and granted the Commonwealth's motion to dismiss.[5]

As he did below, Appellant now asks this Court to adopt an equitable exception to the PCRA's one-year filing restriction where, as in the instant case, a subsequent and facially untimely PCRA petition challenges the performance of PCRA counsel. Appellant's argument begins with the acknowledgement of his ruled-based right to counsel in a first post-conviction collateral proceeding. See Pa.R.Crim.P. 904 (providing that the trial court shall appoint counsel to represent a petitioner in his first petition for post-conviction collateral relief). He posits that the right to post-conviction counsel encompasses the right to *effective* post-conviction counsel. See Commonwealth v. Albrecht, 720 A.2d 693, 699-700 (Pa. 1998) (holding that "[i]t is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel"). Appellant continues that, in order to obtain a remedy for a violation of his right to effective post-conviction counsel, there must a forum where he can enforce the right by challenging PCRA counsel's performance. He further contends that, if his PCRA petition is deemed untimely filed, he falls into a "gap in this Court's jurisprudence" because he has a right to effective assistance of PCRA counsel, but has no procedural mechanism by which to enforce that right. Brief for Appellant at 10.

Appellant asserts that this Court has recognized that this paradox exists, but has been unable to reach a consensus on a proper solution. See Commonwealth v. Ligons, 971 A.2d 1125, 1140 (Pa. 2009) (plurality) (acknowledging the difficulty a petitioner

---

[5] Because this case involves the death penalty, the denial of post-conviction relief is directly reviewable by this Court. Commonwealth v. Roney, 79 A.3d 595, 602 n.9 (Pa. 2013) (citing 42 Pa.C.S. § 9546(d)).

faces in enforcing his right to effective PCRA counsel considering that it would be virtually impossible to file a serial petition raising PCRA counsel's ineffectiveness in a timely manner before the one-year statutory filing period expired); see also Commonwealth v. Holmes, 79 A.3d 562, 584 (Pa. 2013) (noting that "this Court has struggled with the question of how to enforce the 'enforceable' right to effective PCRA counsel within the strictures of the PCRA, as the statute was amended in 1995").[6] Appellant concludes that this case presents the Court with a vehicle by which to resolve the issue by amending our procedure for reviewing claims challenging the performance of post-conviction counsel.

Appellant urges the Court to follow the lead of the United States Supreme Court in Martinez v. Ryan, 132 S.Ct. 1309 (2012), and Trevino v. Thaler, 133 S.Ct. 1911 (2013). In those cases, the High Court altered the federal law of procedural default to allow post-conviction petitioners to have their waived claims of trial counsel ineffectiveness reviewed in federal habeas corpus proceedings where post-conviction counsel never raised such claims.[7] Appellant concedes that Martinez and Trevino

---

[6] Unlike the instant case, neither Ligons nor Holmes involved an untimely PCRA petition. In Ligons, the capital PCRA petitioner had filed a timely PCRA petition and appealed the trial court's denial of relief, raising several substantive issues, some of which challenged the performance of PCRA counsel. An equally divided Court addressed all of the ineffectiveness claims and denied relief on the merits, while the concurring Justices viewed the claims of PCRA counsel ineffectiveness as new claims, which were waived because they were not presented below. In Holmes, we examined whether claims alleging the ineffectiveness of trial counsel could be considered on direct appeal. In holding that such claims must generally await collateral review, we discussed the general presentation of claims challenging PCRA counsel's performance.

[7] In Martinez, an Arizona state prisoner filed a federal habeas petition, alleging a claim of trial counsel ineffectiveness, which had never been raised by his counsel during the state collateral proceeding. Because the state collateral proceeding was the first opportunity to challenge trial counsel's ineffectiveness under Arizona law, the petitioner asserted that he had a constitutional right to effective post-conviction counsel. Although the Supreme Court declined to recognize a federal constitutional right to effective post-conviction counsel, it altered the law of procedural default by creating a narrow
(continued…)

altered only federal law and do not require any change in Pennsylvania's post-conviction procedure. Nevertheless, he contends, this Court should adopt similar changes to our state post-conviction procedure, which, in the instant case, would allow him to raise challenges to PCRA counsel's performance for the first time in an otherwise untimely filed PCRA petition.

The Commonwealth contends that Appellant's position is unsupportable as this Court has held that the PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." Commonwealth Brief at 9 (quoting Commonwealth v. Watts, 23 A.3d 980, 983 (Pa. 2011) (citations omitted)). Further, it asserts, the time restriction in Section 9545(b)(1) of the PCRA is jurisdictional in nature, thus, if a PCRA petition is filed untimely, the court lacks jurisdiction and has no legal authority to address the substantive claims. Here, the Commonwealth maintains, Appellant's petition was

---

(…continued)
exception modifying the Court's previously unqualified statement in Coleman v. Thompson, 111 S.Ct. 2546 (1991), that an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as cause to excuse a procedural default.

Specifically, the Martinez Court declared that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S.Ct. at 1320. The Court emphasized the importance of effective assistance of counsel at trial and the derivative importance of opportunities to litigate challenges to trial counsel's performance. Notably, the Court observed that its ruling did not violate any relevant statutory law. Id.

The Martinez holding was extended in Trevino to apply not only where there is an absolute bar to presenting ineffectiveness claims on direct appeal, but also where "the state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino, 133 S.Ct. at 1921.

facially untimely, having been filed more than thirteen years after his judgment became final, and Appellant did not assert any exception to the timeliness requirement.

The Commonwealth further submits that, contrary to Appellant's contentions, he does not fall into any "gap in this Court's jurisprudence" relating to the enforceability of the right to PCRA counsel. In Ligons and Holmes, the Commonwealth explains, this Court discussed whether a petitioner could challenge PCRA counsel's ineffectiveness on appeal from the trial court's denial of collateral relief in connection with a timely filed PCRA petition.[8] That topic arose, it maintains, only after the Court acknowledged that a serial PCRA petition was pragmatically unavailable as a means to enforce the right to effective post-conviction counsel due to the statutory time restraints of the PCRA. The Commonwealth argues that this Court has never suggested that a petitioner could challenge post-conviction counsel's performance in an untimely serial PCRA petition as courts would lack jurisdiction to entertain the matter. Moreover, the Commonwealth argues, the instant facts demonstrate that Appellant's proposed equitable exception to the PCRA's time-bar would swallow the general rule and open the floodgates to endless

---

[8] With this author in dissent, a majority of this Court subsequently declared that claims of PCRA counsel ineffectiveness may not be raised for the first time on appeal from the denial of PCRA relief. Commonwealth v. Pitts, 981 A.2d 875, 879 n.4 (Pa. 2009) (rejecting a petitioner's attempt to challenge PCRA counsel's performance for the first time on appeal from the denial of collateral review as such claims could have been raised in the petitioner's response to the trial court's Pa.R.Crim.P. 907 notice of intent to dismiss); Commonwealth v. Colavita, 993 A.2d 874, 893 n.12 (Pa. 2010) (noting as an alternative basis for affirming the intermediate appellate court that "claims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level, much less at the discretionary appeal level"); Commonwealth v. Jette, 23 A.3d 1032, 1044 n.14 (Pa. 2011) (citing Colavita and Pitts for the proposition that claims of PCRA counsel ineffectiveness cannot be raised for the first time on appeal); see also Commonwealth v. Ford, 44 A.3d 1190, 1201 (Pa. Super. 2012), alloc. denied, 54 A.3d 347 (Pa. 2012) (construing this Court's case law to hold that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter").

litigation by allowing petitioners to file serial PCRA petitions, raising a multitude of waived issues years after final judgment, in direct contravention of the dictates of the statute.

Finally, the Commonwealth contends, the United States Supreme Court's decisions in Martinez and Trevino do not support Appellant's position, as a change in federal procedural law does not warrant a similar change in state procedural law; particularly where the requested change violates a clear statutory mandate, *i.e.*, the timeliness requisites of the PCRA. It submits that this Court in Holmes examined the Martinez decision and concluded that it did not require a change in post-conviction procedures in states that preclude the presentation of ineffectiveness claims on direct appeal, but rather created a safety valve to allow for federal review where the underlying claim involved trial counsel ineffectiveness, and initial collateral review counsel did not recognize it. See Holmes, 79 A.3d at 583. Accordingly, the Commonwealth asks that we decline Appellant's request to adopt an equitable exception to the PCRA's time-bar and affirm the trial court's order dismissing his petition.

In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error. Commonwealth v. Ali, 86 A.3d 173, 177 (Pa. 2014). Where an issue presents a question of law, the appellate court's standard of review is *de novo*, and its scope of review is plenary. Commonwealth v. Jette, 23 A.3d at 1036. Upon consideration of the parties' arguments, it is clear that the trial court committed no legal error in refusing to craft an equitable exception to the statutory time restrictions contained in the PCRA and in dismissing Appellant's petition as untimely filed.

The PCRA provides eligibility for relief in conjunction with cognizable claims, including claims of ineffective assistance of counsel, 42 Pa.C.S. § 9543(a)(2)(ii), and requires petitioners to comply with the timeliness restrictions. Id. § 9545(b). As noted, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. Id. § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." Id. § 9545(b)(3).

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. Commonwealth v. Williams, 105 A.3d 1234, 1239 (Pa. 2014); Commonwealth v. Peterkin, 722 A.2d 638, 641 (Pa. 1998). As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Commonwealth v. Fahy, 737 A.2d 214, 222 (Pa. 1999). Accordingly, the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling;" instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar. Id.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)-(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Commonwealth v. Edmiston, 65 A.3d 339, 346 (Pa. 2013). Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. Id. Further, it is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA. Id.

Applying this law to the instant case, we find that Appellant's petition does not satisfy the PCRA timeliness requirement as it was filed on September 30, 2013, more than thirteen years after his judgment became final on January 10, 2000. As the one-year time restriction was not met, we must examine whether any of the statutory exceptions in Section 9545(b)(1)(i)-(iii) apply. We conclude that they do not. Appellant has never asserted that the failure to raise his claims was the result of interference by government officials. Id. § 9545(b)(1)(i). He has also failed to allege that the facts upon which his claim were predicated were unknown to him and could not have been ascertained upon the exercise of due diligence. Id. § 9545(b)(1)(ii). Finally, Appellant fails to refer to any constitutional rights recognized after his conviction became final, which were held to have retroactive application. Id. § 9545(b)(1)(iii).

Instead, Appellant alleges that his petition should be deemed timely filed because he is challenging the effectiveness of his original post-conviction counsel. This contention fails as there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel. The Legislature has spoken on the requisites of receiving relief under the PCRA and has established a scheme in which PCRA petitions are to be accorded finality. To allow Appellant, who has already litigated twelve substantive issues in his first timely filed PCRA petition, to raise new claims of trial counsel ineffectiveness more than a decade after his judgment became final, directly conflicts with the legislative mandate of Section 9545(b)(1) of the PCRA. See Commonwealth v. Peterkin, 722 A.2d at 643 (holding that the "PCRA places time limitations on such claims of error, and in doing so, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction"). The fact that Appellant frames his issues as alleging the effective

assistance of PCRA counsel simply does not overcome the court's lack of jurisdiction to address them.

Moreover, as noted cogently by the Commonwealth, Appellant's reliance on statements made by this Court in Ligons and Holmes are misplaced, as those cases did not involve untimely filed PCRA petitions, but rather discussed the presentation of claims alleging PCRA counsel's ineffectiveness on appeal from the denial of relief in connection with a timely filed PCRA petition, a practice this Court later affirmatively rejected. See n.6, n.8, supra. This Court has never suggested that the right to effective PCRA counsel can be enforced via an untimely filed PCRA petition.

Finally, as the Commonwealth and the lower court recognized, the United States Supreme Court's decisions in Martinez and Trevino do not support adoption of an equitable exception to the PCRA's time-bar. As noted, the Martinez Court altered the law applicable to federal habeas proceedings by permitting post-conviction petitioners to have their waived claims of trial counsel ineffectiveness reviewed in federal habeas corpus proceedings where initial post-conviction counsel was either absent or ineffective and where state law precluded the petitioner from raising ineffectiveness claims on direct appeal. The Trevino decision extended the Martinez holding to apply not only in states where there is an absolute bar to presenting ineffective assistance of counsel claims on direct appeal, but also where "the state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino, 133 S.Ct. at 1921.

These rulings were grounded upon the importance of effective assistance of counsel at trial and the derivative importance of opportunities to litigate challenges to trial counsel's performance. However, as set forth by this Court in Holmes, "Martinez

did not recognize a new constitutional right that the States are obliged to accommodate in any specific fashion." Holmes, 79 A.3d at 583. Moreover, the High Court emphasized that its ruling did not violate any relevant statutory law. Martinez, 132 S.Ct. at 1320. The same cannot be said in the instant case where the proposed change in procedure would be in direct contravention of the legislatively created time-bar of the PCRA and the limited statutory exceptions provided therein. This Court has no authority to carve out equitable exceptions to statutory provisions and the federal jurisprudence cited by Appellant neither requires nor authorizes our doing so.

Accordingly, for the reasons set forth herein, we affirm the PCRA court's order dismissing Appellant's PCRA petition as untimely filed.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, and Wecht join the opinion.