J-S34008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| STACY GILBERT | |
| Appellant | No. 3362 EDA 2016 |

Appeal from the PCRA Order June 15, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001524-2000

BEFORE:  BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 06, 2017**

Appellant appeals from the June 15, 2016 order dismissing his fourth PCRA petition as untimely.[1]  We affirm.

The facts giving rise to Appellant's underlying convictions were summarized by this Court in an earlier appeal:

> These charges stem from incidents that occurred between August 1999 and April 2000.  On two separate occasions, Appellant had sexual intercourse with a twelve year old victim, A.I. Additionally, Appellant inserted a vibrator into the vagina of

---

[1]  Appellant purported to appeal from the May 4, 2016 Notice of Intent to Dismiss, which was not a final order.  Hence, the within appeal was premature.  However, in accord with Pa.R.A.P. 905(a)(5), we will treat the appeal as filed on the date thereafter when the trial court issued the final order dismissing the PCRA petition, and we have modified the caption to reflect that fact.

---

* Retired Senior Judge specially assigned to the Superior Court.

victim A.I. and touched the breast of a fourteen year old victim, K.P.

***Commonwealth v. Gilbert***, 118 A.3d 453 (Pa.Super. 2015) (quoting Trial Court Opinion, 9/28/04, at 1) (citations to the record omitted) (footnotes omitted).

On October 2, 2000, Appellant pled guilty to two counts of rape, and one count each of aggravated assault and indecent assault. Pursuant to a plea agreement, he was sentenced on that date to fourteen to twenty years imprisonment with credit for time served. Appellant was also found to have violated the terms of his probation and parole in another case, and was sentenced to fifteen to thirty years imprisonment at that action. Appellant did not file a direct appeal.

On March 28, 2003, Appellant filed his first PCRA petition. Appointed counsel filed a petition to withdraw and no merit letter, and was thereafter excused. The Commonwealth moved to dismiss the petition as untimely, the court so ordered, and Appellant appealed to this Court. On March 1, 2005, this Court affirmed the order dismissing the PCRA petition as untimely. ***See Commonwealth v. Gilbert***, 875 A.2d 386 (Pa.Super. 2005) (unpublished memorandum).

Appellant filed a second PCRA petition on April 19, 2005, in which he merely restated the same claims that he had asserted in his first petition and failed to allege an exception that would excuse the untimeliness of the

petition. His second PCRA petition was dismissed as untimely after issuance of Rule 907 notice, and no appeal was taken.

On April 10, 2014, Appellant filed a third PCRA petition that incorporated a motion for post-conviction DNA testing pursuant to 42 Pa.C.S. § 9543.1. Again, following notice of intent to dismiss, the court dismissed the petition on July 8, 2014. Appellant filed a timely *pro se* appeal to this Court, and we affirmed, holding both that the PCRA petition was untimely and that Appellant did not meet the Section 9543.1 statutory requirements for post-conviction DNA testing. ***Commonwealth v. Gilbert***, 118 A.3d 453 (Pa.Super. 2015) (unpublished memorandum). Appellant did not seek allowance of appeal.

Appellant filed the instant *pro se* PCRA petition, his fourth, on March 28, 2016. The Commonwealth complied with the PCRA Court's order to file an answer as to whether dismissal was appropriate and advanced its position that the petition was untimely. The court issued a notice of intent to dismiss the petition as untimely on May 4, 2016. Appellant filed a premature appeal from that order on May 26, 2016, which we treat as timely as of June 15, 2016, when the court issued its order dismissing the petition as untimely.

Appellant's brief does not contain a statement of questions presented for review or argument, but rather consists largely of numbered paragraphs pointing out weaknesses in the underlying case and investigation and criticizing counsel's performance. He also alleges error in the disposition of

his prior PCRA petitions. Our review of the grant or denial of PCRA relief is limited to determining whether the record supports the findings of the PCRA court and whether the court's order is free of legal error. *Commonwealth v. Watley*, 153 A.3d 1034 (Pa.Super. 2016).

Before we attempt to discern the nature of Appellant's claim, however, we must first determine whether we have jurisdiction to entertain the within appeal. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date judgment of sentence became final. *Commonwealth v. Robinson*, 139 A.3d 178 (Pa. 2016). The time-bar is jurisdictional and implicates the power of the court to adjudicate the controversy. *Id*.

In this case, Appellant's judgment of sentence became final on November 1, 2001, when he did not file a direct appeal. Thus, the within petition is facially untimely. However, we do review PCRA petitions filed beyond the one-year time bar if the petitioner pleads and proves any one of the following statutorily enumerated exceptions to the time-bar:

(i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Further, even if a petition pleads one of these exceptions, we will not consider it unless the petition was "filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant's PCRA petition was filed fifteen years after his judgment of sentence became final.  Since he did not invoke or prove an exception to the time-bar that would excuse his tardy filing, dismissal was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2017