J-S38018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JUSTIN DINWIDDIE, | |
| Appellant | No. 418 EDA 2016 |

Appeal from the PCRA Order February 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0106551-2001

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 25, 2017**

Appellant, Justin Dinwiddie, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court set forth the relevant facts of this case as follows:

> On the night of October 9, 2000, Appellant was in the company of Richard Mason, who would be his co-defendant at trial, and Richard's brother, M.B. Mason.  Richard was the driver of a car as the three men set out intending to commit armed robbery; all three had semiautomatic handguns.
>
> Upon seeing two men, Anthony Williams and Anthony Russell, walking, Appellant and M.B. alighted from the car while Richard drove around the block to wait for them.  Appellant

---

[*]  Former Justice specially assigned to the Superior Court.

accosted Williams, pointed a gun at his face, and took his cell phone. M.B. confronted Russell, threatened him with his gun, snatched a silver chain and cross from his neck, and took $9 from his pants pocket. Appellant and M.B. then ran to the location where Richard was sitting in the car. Russell called his father on his cell phone, stating that he had just been robbed and that his assailants were walking right past their house. Russell's father came out of the house, and seeing Appellant and M.B. walking on his street, gave chase, along with Russell. Appellant ran, with M.B. following him.

At that point, M.B. turned around and fired three gunshots at Mr. Russell and his father and missed them. However, when Appellant heard the shots behind him, he mistakenly thought that the victim or [the victim's] father was shooting at him; he thus turned while running and fired three shots in their direction. The gunshots missed his targets, but struck M.B. Russell and his father then retreated home and reported the robbery and shooting to the police.

Appellant and Richard reunited, and Richard put M.B. in the car. They flagged down a police car which escorted them to the hospital where M.B. died. When questioned by the police at the hospital and later at the police building, both Appellant and Richard insisted that they were picking up M.B. from a girl's house, but that M.B. was not at the designated meeting place. They [told the police that they] went in search of M.B. and found him lying on the ground with a gunshot wound. At 12:30 a.m., Appellant gave a formal statement repeating this account of events. The following day, however, Appellant was re-interviewed and made another statement, admitting his role in the robbery and that he had shot M.B. while they were running.

Appellant filed a motion to suppress the inculpatory statement. Following a hearing, at which Appellant and a detective gave inconsistent accounts of the circumstances surrounding the admission, the court denied Appellant's motion. Appellant and Richard were tried jointly, and on February 8, 2005, the jury found Appellant guilty of second degree murder, conspiracy, possessing an instrument of crime, and robbery. The court imposed a mandatory sentence of life imprisonment for the murder as well as an aggregate concurrent term of ten to twenty years' imprisonment.

*Commonwealth v. Dinwiddie*, 4 A.3d 205, 1207 EDA 2009 (Pa. Super. filed May 26, 2010) (unpublished memorandum) (internal quotation marks, citations, and footnotes omitted).

Appellant filed an appeal to this Court; however, Appellant failed to preserve any issues for this Court's consideration due to counsel's failure to file a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal. *Commonwealth v. Dinwiddie*, 927 A.2d 650, 2310 EDA 2005 (Pa. Super. filed February 28, 2007) (unpublished memorandum). Appellant's direct appeal rights were reinstated after a successful PCRA petition. Following his *nunc pro tunc* appeal, this Court affirmed Appellant's judgment of sentence on May 26, 2010. *Dinwiddie*, 1207 EDA 2009 (unpublished memorandum at *10). Our Supreme Court denied Appellant's petition for allowance of appeal on December 7, 2010. *Commonwealth v. Dinwiddie*, 13 A.3d 475, 338 EAL 2010 (Pa. filed December 7, 2010) (unpublished decision).

Appellant, *pro se*, filed a timely PCRA petition on October 13, 2011, and the PCRA court appointed counsel, Sondra R. Rodrigues, Esquire, on August 1, 2012. Inexplicably, the certified record reflects no relevant activity between August 1, 2012, and March 23, 2014, when Appellant's current counsel, Stephen T. Hanlon, Esquire, filed an amended PCRA petition.

On December 8, 2015, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P.

907, and on February 2, 2016, the PCRA court dismissed Appellant's petition. This timely appeal followed. On April 15, 2016, the PCRA court directed Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed his Pa.R.A.P. 1925(b) statement in a timely manner on April 23, 2016. The PCRA court did not file an opinion.

On appeal, Appellant raises the following issue for our consideration:

1. Did the PCRA Court err in dismissing Appellant's PCRA Petition without a hearing when trial counsel was ineffective for informing the trial court of an incorrect standard of review in relation to [Appellant's] Motion to Suppress his inculpatory statements?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014). Additionally, the appellant must establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review,

on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

In the case at bar, Appellant claims that he received ineffective assistance of counsel. When resolving questions of counsel's effectiveness, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id*. (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Id*.

Appellant argues that his trial counsel was ineffective for presenting the suppression court with the wrong standard of review. Appellant's Brief at 9 (citing N.T., 1/27/05, at 156). Appellant avers that trial counsel erroneously stated that the standard was a "light most favorable to the Commonwealth" standard. *Id*.

We conclude that Appellant is entitled to no relief because in Appellant's direct appeal, our Court found this issue waived. *Dinwiddie*,

1207 EDA 2009 (unpublished memorandum at *9).[1]  Moreover, we are constrained to point out that in this appeal, Appellant has not properly preserved or argued that prior counsel was ineffective for waiving the underlying claim on direct appeal.  Thus, that issue is not before us. Because the underlying claim of error was waived, Appellant is entitled to no relief.  42 Pa.C.S. § 9543(a)(3); 42 Pa.C.S. § 9544(b).  Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2017

---

[1] Additionally, albeit in *dicta*, this Court concluded that had Appellant preserved this issue, we would not have disturbed the suppression court's ruling. **Dinwiddie**, 1207 EDA 2009 (unpublished memorandum at *10).