J-S46011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FELIMON CRUZ-VENTURA | |
| Appellant | No. 73 MDA 2017 |

Appeal from the PCRA Order December 19, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0000545-2000
CP-36-CR-0001487-1999

BEFORE: BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:         **FILED SEPTEMBER 15, 2017**

Felimon Cruz-Ventura appeals from the December 19, 2016 order dismissing his serial PCRA petition as untimely. We affirm.

On January 3, 2001, Appellant was convicted at a bench trial of rape, attempted rape, endangering the welfare of children, indecent assault, indecent exposure, corruption of minors, and involuntary deviate sexual intercourse ("IDSI"). The record reveals that Appellant, then fifty-seven years of age, sexually abused a five-year-old female he was babysitting over a three-month period, and infected her with herpes. The court sentenced him to thirty-one and one-half to sixty-three years of incarceration, and the

_____

* Former Justice specially assigned to the Superior Court.

judgment of sentence was eventually affirmed on August 10, 2004.[1]

Appellant did not seek allowance of appeal.

Appellant filed the first of five PCRA petitions on November 22, 2004.

He alleged newly-discovered exculpatory evidence, and that counsel was

ineffective for failing to act upon that evidence. Specifically, Appellant

alleged he did not carry the herpes virus, and thus, could not have infected

the victim. Counsel was appointed and a blood test was ordered. When the

test confirmed that Appellant was a carrier of the virus, counsel filed a

***Turner/Finley*** no-merit letter and a motion to withdraw. Counsel was

permitted to withdraw and Appellant's petition was dismissed on January 8,

2008. This Court affirmed on appeal. ***Commonwealth v. Cruz-Ventura***,

974 A.2d 1194 (Pa.Super. 2009) (unpublished memorandum).

------

[1] The sentence was initially reversed on direct appeal because the trial court failed to place its reasons on the record to support the sentence. At the resentencing on September 30, 2003, counsel for Appellant asked the court to impose the mandatory minimum five to ten year sentence on the rape and IDSI charges. The Commonwealth asked the court to impose the statutory maximum sentences on those offenses and to run all sentences consecutively. The court imposed a ten to twenty year sentence of imprisonment on both the rape and IDSI convictions, and ran all sentences consecutively, for a total exposure of thirty-one and one-half years to sixty-three years imprisonment. This Court affirmed judgment of sentence on August 10, 2004. ***Commonwealth v. Cruz-Ventura***, 860 A.2d 1126 (Pa.Super. 2004) (unpublished memorandum). Since the within petition is untimely, we do not reach the underlying issue whether ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013), even if retroactive, was implicated by the sentences imposed.

Appellant's second PCRA petition, filed on October 25, 2010, alleged ineffective assistance of counsel for failure to investigate whether the victim's mother carried the herpes virus. Since the petition was facially untimely and Appellant did not plead an exception to the time-bar, the PCRA court dismissed the petition as untimely. A third PCRA petition, filed January 18, 2011, alleged newly-discovered evidence, namely a negative herpes test. The court dismissed the petition after Rule 907 notice, finding the issue previously litigated in Appellant's first PCRA petition. Appellant appealed to this Court, but his appeal was dismissed pursuant to Pa.R.A.P. 3517 (requiring completion and return of docketing statement).

Appellant's fourth petition was dismissed as untimely on March 12, 2013, and this Court affirmed on October 25, 2013.[2] ***Commonwealth v. Cruz-Ventura***, 2013 Pa. Super. Unpub. LEXIS 694 (Pa.Super. 2013). The instant petition was filed on November 22, 2016. The PCRA court issued Rule 907 notice, and Appellant filed a response alleging that his petition was timely because it was filed within sixty days of the September 6, 2016 summary dispositions in ***Commonwealth v. Mario Darrell Davis, Jr.***, 257

---

[2] Appellant invoked the newly-recognized constitutional right exception to the one-year time bar, but his petition was not filed within sixty days of the date the claim could first have been presented. 45 Pa.C.S. § 9545(b)(2). This Court also noted that the decisions he relied upon did not create a new constitutional right. ***See Commonwealth v. Cruz-Ventura***, 2013 Pa. Super. Unpub. LEXIS 694, *5 n.3 (Pa.Super. 2013).

MAL 2014, and ***Commonwealth v. Monroe Young***, 551 EAL 2014. He maintained that mandatory minimum sentences were held to be unconstitutional in these cases. The PCRA court disagreed, finding that these were merely orders granting petitions for allowance of appeal pursuant to ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. June 20, 2016), neither of which recognized a new constitutional rule within the meaning of the third exception to the PCRA time bar. PCRA Court Opinion, 2/6/17, at 2. Moreover, both cases involved direct appeals from judgment of sentence, not appeals on collateral review under the PCRA. The PCRA court dismissed the PCRA petition as untimely by order of December 19, 2016, and Appellant filed the within appeal. Appellant presents three issues for our review:

    I.     Whether the Petitioner filed timely?

    II.    Whether previous counsel was ineffective?

    III.   Does the Petitioner have an illegal sentence?

Appellant's brief at 4.

     In reviewing an order denying PCRA relief, we must determine whether the PCRA court's determination is supported by the evidence of record and free of legal error. ***Commonwealth v. Harris***, 114 A.3d 1 (Pa.Super. 2015). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petitioner pleads and proves that an exception to the time-bar

- 4 -

under 42 Pa.C.S. § 1945(b)(1). This time limitation is jurisdictional. ***Commonwealth v. Robinson***, 139 A.3d 178 (Pa. 2016).

There are three exceptions to the one-year time bar. 42 Pa.C.S. § 1945(b)(1)(i-iii). In order to invoke an exception, a petitioner must plead and prove one of the following:

(i)     The failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the Pennsylvania Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in § 9545(b)(1) and has been held by that court to apply retroactively.

***Id***. Even if an exception is asserted, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." 42 Pa.C.S. § 1945(b)(2).

Appellant's judgment of sentence became final in September 2004, when he did not seek allowance of appeal from the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be

reviewed"). Thus, the instant petition, filed almost thirteen years later, is facially untimely.

Nor has Appellant proven that his petition falls within the third exception to time bar for newly-recognized constitutional rights held to apply retroactively. Neither *Davis* nor *Young* stood for the proposition that mandatory minimum sentences are unconstitutional. Admittedly, the *Wolfe* Court, relying upon the United States Supreme Court's decision in *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013), found the IDSI statute to be facially unconstitutional because it provided for a mandatory minimum sentence based on the age of the victim, but did not treat that as an element of the offense that had to be found by the factfinder beyond a reasonable doubt.[3] However, in *Wolfe*, the issue arose on direct appeal and retroactivity was not a concern. Since that time, our High Court has held that *Alleyne* is not to be retroactively applied to cases pending on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016).

For these reasons, the PCRA court correctly ruled that the within petition did not meet the timeliness exception for newly-recognized constitutional rights, 42 Pa.C.S. § 1945(b)(1)(iii), nor the requirement that

---

[3] *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016) was decided June 20, 2016. Even if the holding in *Wolfe* was held to apply retroactively, which it was not, Appellant's November 22, 2016 petition was not filed within sixty days of that decision.

the petition invoking that exception be filed within sixty days of the decision recognizing that constitutional right.  42 Pa.C.S. § 1945(b)(2).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017