J-S85017-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH M. DUNCAN | : | |
| | : | |
| Appellant | : | No. 645 WDA 2017 |

Appeal from the PCRA Order April 5, 2017
In the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0000822-2012

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

JUDGMENT ORDER BY PANELLA, J.                    FILED MAY 01, 2018

Appellant, Ralph M. Duncan, pled to one count of sexual assault and two counts of witness intimidation, following his sexual molestation of his stepdaughter and subsequent attempts to prevent his wife and stepson from reporting the sexual abuse to the police. He is serving an 8½ to 30 year sentence. Duncan raises a battery of claims in this second, pro se PCRA petition, but fails to meaningfully address the petition's untimeliness, or plead and prove any exception to the PCRA's time-bar. We affirm.

The timing of a petition "is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." Commonwealth v. Whitney, 817 A.2d 473, 478 (Pa. 2003) (citations omitted). A second petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking one

of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented[,]" 42 Pa.C.S.A. § 9545(b)(2), and exceptions to the PCRA's time bar must be pled in the petition, see Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007).

Duncan was sentenced on March 25, 2013. He thereafter appealed to this Court, which affirmed his judgment of sentence. Duncan's judgment of sentence became final on March 12, 2014, when his time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court elapsed. See Pa.R.A.P. 1113(a); 42 Pa.C.S.A. 9545(b)(3). This petition, filed over two years later, on March 28, 2016, is patently untimely.

Duncan's PCRA petition wholly fails to address the PCRA's timeliness requirement, or to allege any facts to indicate why his case might be exempt from the time-bar. Though Duncan's appellate brief acknowledges the existence of a timeliness requirement, he fails to plead an exception to it save for invoking the words "newly discovered fact" on a single page. Duncan does not even indicate which fact is newly discovered.

Instead, Duncan raises several claims of ineffective assistance of counsel. Specifically, he alleges that plea counsel was ineffective for a litany of reasons, including failure to withdraw Duncan's plea after the Commonwealth allegedly added additional charges. He shoehorns this and other contentions into his PCRA petition by claiming appellate counsel and appointed PCRA counsel for his first petition were ineffective for failing to raise these issues at earlier stages in the proceedings.

"[I]t is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." Commonwealth v. Robinson, 139 A.3d 178, 186 (Pa. 2016) (citation omitted). "This Court has never suggested that the right to effective PCRA counsel can be enforced via an untimely filed PCRA petition." Id. Consequently, we are without jurisdiction to address Duncan's ineffectiveness claims.

Duncan also claims the PCRA court's Rule 907 notice failed to correctly apprise him of why his petition was denied without a hearing. Duncan indicates the notice stated his petition was time-barred and its issues were previously litigated, but that the court's Rule 1925(a) opinion instead finds Duncan's ineffective assistance pleadings deficient. Notwithstanding the court's decision to evaluate these ineffectiveness claims in its Rule 1925(a) opinion, the Rule 1925(a) opinion does correctly note Duncan's claims are time-barred. The Rule 907 notice therefore properly informed him why his petition was denied without a hearing.

As Duncan's petition is untimely, and he failed to argue the applicability of any of the PCRA's statutory exceptions to the time-bar, we are without jurisdiction to consider the merits of his petition. Consequently, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/1/2018