J-A07012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAKIM BEY | : | |
| | : | |
| Appellant | : | No. 1490 EDA 2021 |

Appeal from the PCRA Order Entered June 17, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1100031-2002

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 24, 2022**

Appellant, Hakim Bey, appeals from the Order entered on June 17, 2021, denying his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we vacate the order denying Appellant's Petition and remand for further proceedings.

On September 30, 2008, a jury convicted Appellant of the murder of Moses Williams and related crimes. The court sentenced Appellant to, *inter alia*, life in prison. This Court affirmed Appellant's Judgment of Sentence and our Supreme Court denied allowance of appeal. **Commonwealth v. Bey**, 32 A.3d 819 (Pa. Super. 2011) (unpublished memorandum), *appeal denied* 42 A.3d 290 (Pa. 2012). The U.S. Supreme Court subsequently denied Appellant's Petition for Writ of *Certiorari* on October 1, 2012. **Bey v. Pennsylvania**, 568 U.S. 886 (2012).

On December 14, 2017, this Court affirmed the dismissal of Appellant's first PCRA Petition, and our Supreme Court denied allowance of appeal. **Commonwealth v. Bey**, 181 A.3d 1234 (Pa. Super. 2017) (unpublished memorandum), *appeal denied* 188 A.3d 1121 (Pa. 2018).

On July 11, 2018, Appellant *pro se* filed the instant PCRA Petition, his second, followed by a supplemental *pro se* Petition on November 5, 2018.[1] Appellant alleged the existence of a newly discovered fact and, in support, attached a statement purportedly written and signed by an eyewitness to Williams' murder, Duane Clinkscales. As discussed *infra*, Clinkscales testified at trial on behalf of the Commonwealth that, *inter alia*, he did not see who shot Williams. In the 2018 statement, Clinkscales, for the first time, identified Edmond Thomas as Williams' alleged killer. Appellant received Clinkscales' statement on October 27, 2018, and filed his supplemental Petition just over one week later.[2]

---

[1] Although the PCRA court never issued an order granting Appellant leave to file his supplemental petition, "this Court has held that a PCRA court implicitly permits amendment under [Pa.R.Crim.P.] 905(a) when the court fails to strike the supplement and considers the supplement in its decision." **Commonwealth v. Lane**, No. 330 EDA 2021, 2022 WL 1042727 at *3 (Pa. Super. filed Apr. 7, 2022) (non-precedential decision). **See also Commonwealth v. Brown**, 141 A.3d 491, 503-04 (Pa. Super. 2016). Here, since the PCRA court did not strike Appellant's supplemental petition and considered the supplement in its decision, the court implicitly allowed Appellant to supplement his petition and we will consider the claim raised therein.

[2] Appellant attached to his Petition a signed "Verification of Facts" averring that he received Clinkscales' statement on October 27, 2018. Appellant also
*(Footnote Continued Next Page)*

On April 30, 2021, the court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Appellant's Petition without a hearing. The court concluded that Appellant untimely filed his Petition and failed to satisfy the newly discovered fact exception to the PCRA time-bar. The court reasoned that Appellant failed to act with due diligence because he "did not make any effort to approach Clinkscales at any time[.]" PCRA Ct. Or., 4/30/21, at 2. On June 17, 2021, the PCRA court dismissed Appellant's Petition for lack of jurisdiction.

Appellant timely filed a *pro se* Notice of Appeal. The PCRA court did not order Appellant to file a Rule 1925(b) Statement. The court did, however, file a Rule 1925(a) Opinion.

Appellant raises the following issues for our review:

Did the lower court abuse its discretion when it dismissed the new evidence PCRA Petition as being untimely filed and not meeting the exception set forth to the time-bar in 42 Pa.C.S. § 9545(b)(1)(ii)[?]

Appellant's Br. at 4 (emphasis omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (citation omitted). We must determine whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of

---

attached to his Petition an envelope that had allegedly contained Clinkscales' recantation. On the envelope is a postal service stamp dated October 24, 2018, supporting Appellant's assertion. Considering this, and since neither the Commonwealth nor the PCRA court dispute Appellant's assertion of when he received Clinkscales' statement, we accept the assertion as true.

legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). With regard to the PCRA court's legal conclusions, however, our standard of review is *de novo*. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

For a court to have jurisdiction in any PCRA proceeding, the appellant must have either (1) filed the petition within one year of the judgment of sentence becoming final, or (2) pleaded and proved a timeliness exception. 42 Pa.C.S. § 9545(b). There is no dispute that Appellant's second PCRA Petition, filed more than one year after his judgment of sentence became final on October 1, 2012, is patently untimely.[3] Thus, the instant dispute centers upon whether Appellant pleaded and proved a timeliness exception in his Petition.

Appellant argues that his Petition falls under the newly-discovered fact exception, which requires proof that (1) "the facts upon which the claim is predicated were unknown to the petitioner[,]" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii).[4] To satisfy the due diligence element of the exception, the petitioner must show that he made reasonable efforts "based on the particular

---

[3] Appellant had until October 1, 2013, one year from when the U.S. Supreme Court denied his request for review, to timely file his petition. 42 Pa.C.S. § 9454(b)(3) (explaining that a judgment becomes final one year after the conclusion of direct review). Appellant's Petition, filed July 11, 2018, is patently untimely.

[4] We conduct our review mindful that "the 'new facts' exception . . . does not require any merits analysis[.]" **Commonwealth v. Brown**, 111 A.3d 171, 177 (Pa. Super. 2015).

- 4 -

circumstances, to uncover facts that may support a claim for collateral relief."

***Commonwealth v. Burton***, 121 A.3d 1063, 1070-71 (Pa. Super. 2015).

Clinkscales' trial testimony informs our analysis of whether Appellant has met the newly discovered fact exception. At Appellant's trial, Clinkscales testified that he was sitting in a car with Williams when, on September 24, 2000, someone shot Williams. N.T. Trial, 9/23/08, at 131-135. Clinkscales testified that he did not see the shooter's face and did not know who the shooter was. ***Id.*** at 133, 139 170. He stated that he saw Appellant with a gun later that day and noticed that Appellant was wearing the same sweatshirt as Williams' shooter. ***Id.*** at 139. Clinkscales testified that, notwithstanding this observation, he did not report Appellant to the police because he was not certain that Appellant killed Williams. ***Id.*** at 144 (explaining that he did not report Appellant to police because he "wasn't sure, like, he did it" and was "not 100 percent certain it was [Appellant]").

In his 2018 statement, Clinkscales affirmatively identified Edmond Thomas as the person who allegedly killed Williams:

> [Appellant] did not kill Moses Williams; the person who killed Moses Williams name is Edmond (["]Smooth["]) Thomas. I witnessed the whole thing. . . . When the first shot went off I looked to my right to see what was going on and noticed a man that I recognized shooting into the front passenger window. That man was someone that I know by the name of "Smooth" (Edmond Thomas).

PCRA Petition, 11/5/18, at Ex. 1, pgs. 1-2.[5]

Upon learning this fact, Appellant timely asserted in his supplemental PCRA Petition, and again in this appeal, that Clinkscales' identification of Thomas as Williams' killer was a new fact sufficient to satisfy the newly discovered fact exception. Appellant's Br. at 10-13. **See also** PCRA Petition, 11/5/18, at 1-2. He argues that "the Clinkscale[s] letter/statement . . . names the 'real' killer of the victim. That person is Edmond Thomas. . . . This information was never known to the Appellant earlier until Clinkscales['] letter[.]" Appellant's Br. at 10 (unnecessary capitalization omitted). **See also** PCRA Petition at 2 (referring to the "new evidence" and "new information" contained within Clinkscales' statement).

The PCRA court concluded that Appellant failed to act with due diligence because he "did not make any effort to approach Clinkscales at any time[.]" PCRA Ct. Op., 7/1/21, at 2. Under the circumstances of this case, however, the court's reasoning is flawed. Because Clinkscales testified at trial that he did not see who shot Williams, Appellant had no reason to suspect that Clinkscales knew the identity of the alleged killer and, thus, no reason to "make any effort to approach" Clinkscales. Due diligence requires reasonable efforts based upon the circumstances. **See Burton**, 121 A.3d at 1070-71. In the context of this case, Appellant's inaction was reasonable.

---

[5] In the statement, Clinkscales avers that he came forward now "after years of feeling guilty for not telling the truth and speaking up," because he "wanted to clear [his] conscience and get this off [his] chest." PCRA Petition, 11/5/18, at Ex. 1, pg. 4.

Moreover, Appellant avers that he did not previously know Thomas' identity as Williams' alleged killer and nothing in the record indicates otherwise.

Accordingly, we conclude that Appellant has met the newly discovered fact exception to the PCRA's time bar and the court, thus, erred in dismissing the Petition for lack of jurisdiction. We, therefore, remand to the PCRA court to consider Appellant's Petition.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022