J-S59030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES FRAZIER | : | |
| | : | No. 3489 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order July 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0401251-1996

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD, J.*

MEMORANDUM BY OTT, J.:                          **FILED OCTOBER 10, 2017**

James Frazier appeals *pro se[1]* from the order entered July 13, 2016, in

the Court of Common Pleas of Philadelphia County that dismissed, as

_____

* Former Justice specially assigned to the Superior Court.

[1] On December 9, 2016, this Court granted counsel's "Motion to be Relieved as Counsel," and directed the trial court to determine Frazier's eligibility for court-appointed counsel within 60 days. Order, 12/9/2016. Our Order directed that if Frazier was found ineligible for court-appointed counsel, then he should notify this Court within 20 days of the notification of ineligibility whether he intends to retain new counsel or represent himself on appeal. Our Order further advised that the failure of Frazier to notify this Court of his intention to proceed with the appeal within 20 days of the trial court's determination of ineligibility would result in dismissal of the appeal.

On December 23, 2016, the PCRA court entered its order, finding Frazier was ineligible for court-appointed counsel. Thereafter, Frazier timely notified this Court of his intent to represent himself in this appeal.

untimely, his serial[2] petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Frazier claims he is entitled to PCRA relief under **Miller v. Alabama**, 567 U.S. 460 (2012)[3] and **Montgomery v. Louisiana**, 136 S. Ct. 718 (January 25, 2016).[4] We disagree and, therefore, affirm.

Frazier was convicted by a jury of murder in the first degree and possession of an instrument of crime (PIC).[5] The trial court sentenced Frazier to a mandatory term of life imprisonment for first degree murder, and a consecutive sentence of one to two years' imprisonment for PIC. Frazier was granted the right to appeal *nunc pro tunc*, and this Court affirmed the judgment of sentence on January 13, 2000. **Commonwealth v. Frazier**, 752 A.2d 420 (Pa. Super. 2000) (unpublished memorandum). Frazier did not seek further review.

_____

[2] The PCRA court states that this is Frazier's sixth petition; the Commonwealth represents that this is Frazier's fifth petition. **See** PCRA Court Opinion, 7/13/2016, at 1; Commonwealth's Brief, at 6.

[3] In **Miller**, the Unites States Supreme Court held that "mandatory life without parole **for those under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465 (emphasis added).

[4] In **Montgomery**, the Supreme Court held that **Miller** was a new substantive right that, under the United States Constitution, must be applied retroactively in cases on state collateral review. 136 S.Ct. at 736.

[5] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

Frazier filed the instant, serial PCRA petition on March 9, 2016, and, following dismissal of the petition by the PCRA court, Frazier filed this appeal.[6]

In reviewing an order denying post-conviction relief, we examine whether the trial court's determination is supported by evidence of record and whether it is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment became final unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition. 42 Pa.C.S. § 9545(b)(1). Frazier does not dispute that the present petition is patently untimely, but contends he is entitled to review pursuant to the PCRA's new constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii),[7] based upon **Miller/Montgomery**. The PCRA court concluded that Frazier is not entitled to relief under these decisions because Frazier was 22 years of age when he committed the murder, and **Miller's** holding only applies to defendants who

---

[6] The PCRA court did not order Frazier to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on November 29, 2016, in which it adopted the reasoning set forth in its July 13, 2016 opinion. **See** Pa.R.A.P. 1925(a).

[7] Section 9545(b)(1)(iii) provides an exception to the PCRA time bar when there is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

were under the age of 18 at the time of their crimes. We agree with the PCRA court's determination.

Frazier contends that **Miller** should be extended to individuals such as himself on the basis that "he was developmentally an adolescent and possessed age-related characteristic of youth" at the time he committed the murder. Frazier's Brief at 4. This argument has been previously considered and rejected by this Court.

In **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016), the nineteen-year-old defendant convicted of homicide claimed he was a "technical juvenile" and relied on neuroscientific theories pertaining to immature brain development to support his claim. The **Furgess** Court relied on the holding in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013), "that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."[8] **Furgess, supra**, 149

_____

[8] In **Cintora**, the co-defendants, who were 19 and 21 years old at the time they committed second degree murder, invoked **Miller** to overcome the untimeliness of their PCRA petition, arguing that a human brain does not fully develop until the age of 25 and that the holding of **Miller** was applicable pursuant to the Equal Protection Clause. In rejecting these arguments, this Court stressed that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." 69 A.3d at 764 (emphasis in original).

A.3d at 94. Moreover, the **Furgess** Court found "nothing in **Montgomery** undermines" this holding in **Cintora. Id.**[9]

Although Frazier attempts to distinguish **Furgess** and **Cintora**, contending his argument that **Miller** should apply is premised on "his age in combination with his specific characteristics of youth and experiences of childhood,"[10] we conclude that **Furgess** and **Cintora** are controlling in this case. Accordingly, Frazier's claim that the right in **Miller/Montgomery** applies to his case is without merit.

In sum, the PCRA court properly found that Frazier's PCRA petition is untimely and that Frazier failed to establish a statutory exception to the time bar. Because we have no jurisdiction to review this untimely petition, we affirm.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

_____

[9] The **Furgess** Court acknowledged, however, that **Cintora's** additional holding, that **Miller** had not been applied retroactively, was "no longer good law" after **Montgomery**. **Furgess, supra,** 149 A.3d at 94.

[10] Frazier's Reply Brief at 1.