J-A02015-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                          :   PENNSYLVANIA

            v.                     :

FLOYD NOEL                  :

         Appellant           :   No. 686 WDA 2018

Appeal from the PCRA Order April 10, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008001-2015

BEFORE: SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                FILED MAY 22, 2020

Appellant, Floyd Noel, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-9546. After careful review, we affirm.

On direct appeal, this Court provided the following factual and procedural history:

On May 30, 2015, at approximately 2:00 a.m., officers of the Mckeesport Police Department observed Appellant fail to stop at a stop sign and then turn into a shopping center without signaling. Police instituted a traffic stop, activating their emergency lights and sirens. The officer possessed personal knowledge that Appellant had prior arrests for firearms and observed Appellant lowering his left shoulder towards the floor of the vehicle. The officer told Appellant the reason for the traffic stop, obtained Appellant's license and a rental agreement for the vehicle, and asked Appellant if he had weapons on him. When Appellant queried why the officer inquired about the weapons, the officer asked Appellant to step out of the vehicle. Appellant sped off at a high rate of speed, leaving his credentials with the police. The original police officers, as well as a back-up unit, engaged in the

pursuit of Appellant through the streets of McKeesport. Officers estimated that Appellant reached speeds of 90 miles per hour. At one point, Appellant almost collided head-on with one of the police vehicles. Appellant eventually outran the police and they called off the chase. Appellant turned himself over to authorities shortly thereafter.

On October 22, 2015, the trial court held a bench trial and found Appellant guilty of the aforementioned charges.[1] On January 12, 2016, the trial court, with the benefit of a pre-sentence investigation report, sentenced Appellant to an aggregate term of 51 to 102 months of imprisonment. More specifically, the trial court sentenced Appellant to consecutive standard-range sentences for escape, fleeing or attempting to elude police officers, and the three counts of [recklessly endangering another person], with no further penalties on the remaining offenses. Appellant filed a timely post-sentence motion on January 14, 2015, arguing that his sentence was excessive. Following a hearing on Appellant's post-sentence motion, the trial court denied relief by order entered on March 17, 2016. This timely appeal followed.

Commonwealth v. Noel, 168 A.3d 322, 459 WDA 2016 (Pa. Super., filed 3/17/17). We affirmed. Id.

Appellant did not appeal from the decision of the Superior Court, and on July 10, 2017, Appellant filed his timely PCRA petition.[2] PCRA Petition, 7/10/17. The PCRA court appointed counsel for Appellant on October 2, 2017,

_____

[1] Appellant was convicted of one count of escape (18 Pa.C.S. § 5121); fleeing or attempting to elude police officers (75 Pa.C.S. § 3733); obstructing administration of law (18 Pa.C.S. § 5101); resisting arrest (18 Pa.C.S. § 5104); three counts or recklessly endangering another person (18 Pa.C.S. § 2705); and thirteen summary traffic offenses.

[2] Pursuant to 42 Pa.C.S. § 9454(b)(1), a first PCRA petition must be filed within one year from the date judgment becomes final. "[A] judgment becomes final at the conclusion of direct review." This Court filed its opinion on March 17, 2017, as noted. Appellant did not appeal from this Court's decision. Appellant filed his pro se PCRA petition on July 10, 2017, within the one-year prescribed period.

- 2 -

and counsel filed an amended PCRA petition on March 6, 2018.  Amended PCRA Petition, 3/6/18.  The PCRA court held a hearing on April 10, 2018, and denied Appellant's petition on April 11, 2018.  Order, 4/11/18.  Appellant filed the instant appeal; both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

I.     Did the lower court abuse its discretion in denying the PCRA petition insofar as [Appellant] established the merits of the claim that his decision to proceed to trial rather than enter a guilty plea was unknowing, unintelligent and involuntary due to the ineffective assistance of trial counsel?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016).  We will review PCRA appeals "in the light most favorable to the prevailing party at the PCRA level."  Commonwealth v. Steckley, 128 A.3d 826, 831 (Pa. Super. 2015).  The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).  Finally, we note that the "PCRA court's credibility determinations, when supported by the record, are binding on this Court."  Commonwealth v. Medina, 92 A.3d 1210, 1215 (Pa. Super. 2014).

Generally, in this Commonwealth:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the Strickland [v. Washington, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. See [Commonwealth v.] Pierce[, 527 A.2d 973 (Pa. 1987) ]. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

Commonwealth v. Charleston, 94 A.3d 1012, 1019 (Pa. Super. 2016) (quoting Commonwealth v. Spotz, 84 A.3d 294, 311-312 (Pa. 2014) (some internal citations omitted)).  Moreover, "[a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." Commonwealth v. Tharp, 101 A.3d 736, 747 (Pa. 2014).

In support of his appeal, Appellant argues that his counsel failed to advise him of all of the plea offers that the prosecution related to counsel and avers that counsel failed to "fully and accurately explain to [Appellant] the

pros and cons of accepting a plea offer." Appellant's Brief at 9. Appellant avers that if he had been fully apprised of all of the offers made to him – along with the facts that if convicted he could be facing a sentence longer than fifteen months of imprisonment and that he could receive consecutive sentences - he would have taken the plea offer of fifteen months or less of incarceration.[3] Appellant's Brief at 10. Appellant highlights a statement made by the prosecutor during Appellant's sentencing, which referenced an offer of county time, as evidence of his trial counsel's ineffectiveness.[4] Id. at 11. Appellant also claims that his trial counsel never informed him of a plea offer that involved a county sentence. Id. Appellant points to the testimony he gave at the PCRA hearing as establishing that his counsel was ineffective for giving him incorrect information regarding the plea offers, that counsel lacked a reasonable basis for that failure, and that Appellant was prejudiced by that failure. Id. 12-14.

In its brief, the Commonwealth avers that prior to trial, Appellant stated on the record that (1) he was aware of the charges pending against him, (2) he understood the maximum penalties he faced, and (3) he was satisfied with

_____

[3] We note that after reviewing the PCRA transcript, it is unclear whether Appellant ever received a plea offer of fifteen months of incarceration. The plea deal discussed during the PCRA hearing, that Appellant rejected, was for six to twenty-three months of incarceration.

[4] Specifically, during Appellant's sentencing, the Commonwealth stated, "Yes, Your Honor. I have nothing to add or change to the presentence report. But, Your Honor, before we proceed to the non-jury [trial] [Appellant] was offered many plea offers, including county time… ." Appellant's Brief at 11 (citing N.T. (Sentencing), 1/12/16, at 5).

his legal representation. Commonwealth's Brief at 9 (citing N.T. (Trial), 10/22/15, at 2-5). Moreover, the Commonwealth points out that Appellant admitted that no one promised him any particular outcome. Id. The Commonwealth also highlights the testimony of Appellant's trial counsel given during the PCRA hearing. Id. (citing N.T.(PCRA), 4/10/18, at 6). Counsel testified that prior to trial, he informed Appellant of the offer of six to twenty-three months of incarceration, which constitutes a county sentence. Id. Counsel also testified that he encouraged Appellant to accept the offer given the weakness of Appellant's case. Id. Finally, the Commonwealth notes that the PCRA court heard the testimony of Appellant, Appellant's girlfriend, and Appellant's trial counsel and the PCRA court determined that trial counsel's testimony was credible. Commonwealth's Brief at 12-13 (citing PCRA Court Opinion, 5/13/19, at 5).

Generally, a PCRA petitioner seeking relief on the basis that ineffective assistance of counsel caused him to reject a guilty plea must demonstrate the following circumstance:

> [B]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Steckley, 128 A.2d at 832 (quoting Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012)). Further, we note that where a PCRA court's credibility determination

is supported by the record, we are bound by those credibility determinations and will not disturb them on appeal. Commonwealth v. Marinez, 777 A.2d 1121, 1124 (Pa. Super. 2001). In Marinez, this Court opined that the appellant's claim that his counsel was ineffective for failing to convey a plea offer was of no merit where the PCRA court held a hearing and found that the petitioner's trial counsel was credible when he testified that he informed petitioner of a plea offer. Marinez, 777 A.2d at 1124-1125. Further, the court stated that it specifically disbelieved petitioner's testimony that his trial counsel failed to inform him of the plea offer. Id. Indeed, "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." Commonwealth v. Johnson, 966 A.2d 523, 539 (Pa. 2009). In its opinion, the PCRA court stated it reviewed the testimony given at the hearing and found, "It is clear that [Appellant] was offered a plea agreement, and clearly rejected it." PCRA Court Opinion, 5/13/19, at 5. Further, the court found, "In the instant case, [trial counsel] urged [Appellant] to accept a plea, which [Appellant] rejected. Further, the PCRA [c]ourt did not find [trial counsel] to be ineffective in his representation. The PCRA [c]ourt did not find [Appellant's] testimony to be credible or persuasive." Id.

We conclude that the record supports the PCRA court's credibility determinations. Accordingly, Appellant is due no relief and we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/22/2020