J-A08045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANWAAR GETTYS | : | |
| | : | |
| Appellant | : | No. 2136 EDA 2019 |

Appeal from the PCRA Order Entered June 25, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004425-2005

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    Filed: June 11, 2020

Anwaar Gettys (Appellant) appeals from the order entered in the Delaware County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), holding that it lacked jurisdiction to entertain Appellant's petition, as it is a second or subsequent PCRA petition and Appellant did not establish an exception to the jurisdictional time bar. ***See*** 42 Pa.C.S. § 9545.

Appellant was convicted by a jury of first-degree murder and abuse of a corpse[2] and this Court affirmed his judgment of sentence on March 13, 2009. ***Commonwealth v. Gettys***, 1278 EDA 2007 (unpub. memo.) (Pa. Super.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 5510.

2009).[3] He filed his initial, timely PCRA petition on March 10, 2010. It was dismissed, and this Court affirmed the dismissal on August 12, 2016. ***Commonwealth v. Gettys***, 2494 EDA 2011 (unpub. memo.) (Pa. Super. 2016).

Appellant filed his second PCRA petition on April 5, 2018. This *pro se* petition pleaded several bases for relief, including the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced. Appellant's PCRA Petition, 4/5/18, at 3. No such evidence is identified in Appellant's brief to this Court.

Counsel was appointed on May 11, 2018. However, they withdrew their appearance on January 8, 2019, in response to private counsel's entry of appearance on January 3rd. This attorney filed an amended PCRA petition on August 17, 2018. On May 30, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing; the court reasoned the petition was patently untimely and did not prove any of the PCRA timeliness requirements. Appellant filed a *pro se* response, but the PCRA court dismissed the petition on June 25, 2019. Appellant filed a timely notice of appeal.

On appeal, Appellant raises the following questions for our review:

---

[3] Appellant's co-defendant, Lamar Haymes, was tried separately; this Court affirmed his judgment of sentence on November 24, 2008. ***See Commonwealth v. Haymes***, 565 & 566 EDA 2007 (unpub. memo) (Pa. Super. 2008).

Whether Appellant's trial counsel was ineffective for failing to object to the Commonwealth's presentation to the jury of inflammatory and gruesome color photographs of a barrel and what was purported to be the charred remains of [the decedent] where the photographs were of scant, if any, probative value which was outweighed by the prejudicial impact to Appellant to the extent that it is likely that the photographs improperly inflamed the minds and passions of the jury? In addition, whether Appellant's first PCRA counsel and PCRA appellate counsel were ineffective for failing to raise and litigate this issue?

Whether the second PCRA court erred by failing to grant Appellant's motion to unseal inflammatory photographic evidence of a burned barrel and [the decedent's] remains which was presented to the jury, and for which unsealing of the photographic evidence is necessary to litigate Appellant's meritorious claim?

Whether the second PCRA court erred by ruling that Appellant's new issue of layered ineffectiveness of trial counsel, PCRA counsel, and PCRA appellate counsel, and Appellant's issue of second PCRA court error . . . were untimely under the [PCRA] where 1) the newly pled issues were raised in a second PCRA petition and where 2) this PCRA court had granted *nunc pro tunc* Supreme Court appeal based upon after-discovered evidence and/or governmental breakdown that was filed after the PCRA's one-year statute of limitations, and was, according to the second PCRA court, legally efficacious, and 3) a second efficacious PCRA [petition] was the only opportunity for Appellant to raise these issue[s] in accordance with this Court's holding in **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012)?

Whether . . . **Ford** . . ., which holds that issues of PCRA counsel's and PCRA appellate counsel's ineffectiveness must be raised in a serial PCRA petition, should be applied to this case to confer jurisdiction where Appellant's second PCRA [petition] is efficacious and where application of **Ford**'s holding is the only way to effectuate Appellant's "rules based" right to effective PCRA counsel despite the Commonwealth's erroneous argument that the **Ford** holding was rendered under unusual circumstances that obviate its application to this case?

Appellant's Brief at vi; Appellant's Reply Brief at v. The Commonwealth argues that Appellant did not establish an exception to the time bar, as claims of counsel's ineffectiveness cannot establish jurisdiction under the PCRA where it is otherwise lacking. Commonwealth's Brief at 1.

In **Ford**, this Court held that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." **Ford**, 44 A.3d at 1201. **See also Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) ("[C]laims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal.").[4]

We note with chagrin that Appellant's appeal from his first PCRA proceedings was effectively a nullity, as counsel raised only the sufficiency and weight of the evidence. Both issues were previously litigated, and neither was properly within the ambit of the PCRA. **See Gettys**, 2494 EDA 2011 (unpub. memo at 4-5) (noting that both issues were previously litigated on direct appeal, where "appellant's [sufficiency] argument . . . was wholly

---

[4] In **Commonwealth v. Shaw**, 214 A.3d 283 (Pa. Super. 2019), *appeal granted*, 590 MAL 2019 (Pa. Mar. 24, 2020), this Court granted relief in a PCRA matter where PCRA/appellate counsel's ineffectiveness became apparent after this Court assumed jurisdiction, thus distinguishing **Henkel**. **Id.** at 293. Our Supreme Court granted *allocatur* in **Shaw**; thus we can anticipate clarification as to how, and when, such claims shall be raised.

inadequate because it failed to identify any specific point where the evidence was insufficient" and the weight of the evidence claim "was abandoned [on direct appeal] because [A]ppellant did not present any argument on that issue").[5]

Thus, at a minimum, it is apparent on the face of the record that Appellant has had patently ineffective representation in every prior appeal to this Court arising from his conviction and life sentence.[6]  Ineffective appellate representation of this type does more than hinder this Court's ability to ensure justice in individual cases, though that is evil enough.  It also diminishes our court system's ability to inspire confidence in Pennsylvanians' systems for the administration of justice.

Before we may consider the questions Appellant presents, we must determine whether we have jurisdiction.  It is well-settled that the PCRA's

_____

[5] We further note that both issues were waived on direct appeal, as counsel managed to summon a mere two sentences in argument as to sufficiency, and (although it was raised in the questions presented) did not argue weight at all.  **Gettys**, 1278 EDA 2007 (unpub. memo at 16).

[6] Both of Appellant's trial attorneys — one of whom also handled his direct appeal — as well as prior PCRA appeal counsel, are currently unable to practice law in Pennsylvania due to disciplinary orders.  **See ODC v. Talmadge**, 55 DB 2011 (Pa. 2012) (public censure and one-year probation on consent) & 240 DB 2018 (Pa. 2020) (five-year suspension); **ODC v. Jackson**, 99 DB 2006 (Pa. 2008), http://www.pacourts.us/assets/opinions/DisciplinaryBoard/ out/99DB2006-Jackson.pdf (five-year suspension) & 145 DB 2007 (Pa. 2009), http://www.pacourts.us/assets/opinions/DisciplinaryBoard/out/145DB2007- Jackson.pdf (disbarment); **ODC v. Kramer**, 127 DB 2017 (Pa. 2019) (disbarment).

time restrictions are jurisdictional in nature. *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014). "A jurisdictional challenge is typically a threshold question, with review of the substantive issues following a jurisdictional question only if the court is found to possess jurisdiction." *Commonwealth v. Williams*, 86 A.3d 771, 777 (Pa. 2014). Unlike federal habeas, our post-conviction regime does not incorporate any form of the doctrine of equitable tolling. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The time for filing a PCRA petition can be extended only by operation of one of the enumerated exceptions to the time-bar listed in the statute itself. *Id.*

After Appellant's trial, he filed a direct appeal, and on March 13, 2009, his judgment of sentence was affirmed by this Court. *Gettys*, 1278 EDA 2007. On July 24, 2009, Appellant filed a *pro se habeas corpus* motion, and on March 10, 2010, he filed a timely initial PCRA petition. His initial appointed counsel filed a letter of no merit, and the PCRA court dismissed the petition on August 11, 2011.

On September 9, 2011, just before time ran out, private counsel entered his appearance and filed a notice of appeal to this Court. However, counsel became ill, and after receiving several extensions failed to file a brief, leading to dismissal of Appellant's initial PCRA appeal. Counsel filed a motion to reinstate Appellant's right to file a brief, and on June 30, 2015, this Court directed the PCRA court to hold a hearing to determine whether Appellant

wanted to proceed with his hired attorney despite his illness, to have new counsel appointed, or to proceed *pro se*.

The PCRA court held a hearing to that effect on August 28, 2015. As a result of the hearing, counsel was appointed. It was this counsel who filed the completely ineffectual brief in this Court, raising only issues that should have been raised properly (but sadly were not) on direct appeal.[7]

This Court affirmed dismissal of Appellant's initial, timely PCRA petition on August 12, 2016. *Gettys*, 2494 EDA 2011. The present PCRA petition was not filed until April 5, 2018. The PCRA court docket reflects that slightly before that filing, on March 5, 2018, Appellant made a *pro se* request for his docket.

Appellant now claims that it was only upon receipt of his docket that he learned that his initial PCRA appeal had ended in affirmance, and that the attorney who filed his (utterly ineffectual) brief in that appeal also failed both to inform him of this Court's ruling and to offer to file for review in our Supreme Court. Appellant's Brief at 26; Appellant's PCRA Petition at 4 ("I didn't find out about the PCRA being denied until I wrote the lower court for an updated docket entry sheet.").

---

[7] To be clear, it does not appear that the issues of weight and sufficiency were raised in the context of ineffectiveness claims, i.e. "appellate counsel was ineffective for failing to argue that the evidence was insufficient for the following reasons . . . ." Rather, they were raised as if it were a direct appeal. This Court noted: "From a review of [A]ppellant's counselled brief on appeal, it appears that counsel believes this is a direct appeal." *Gettys*, 2494 EDA 2011 (unpub. memo at 5 n.2).

Under the PCRA, a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. 42 Pa.C.S. § 9545(b)(3). This Court affirmed Appellant's judgment of sentence on March 13, 2009. **See Gettys**, 1278 EDA 2007. Discretionary review from this Court's orders may be sought via a petition for allowance of appeal, also known as an allocatur petition; such petitions must be filed within 30 days after entry of the order to be reviewed. **See** Pa.R.A.P. 1113(a). As April 12, 2009, was a Sunday, any allocatur petition in Appellant's direct appeal would have been due by April 13th, per 1 Pa.C.S. § 1908.[8] Thus, Appellant's judgment of sentence became final on April 13, 2009, and any petition not filed within one year must meet one of the exceptions to the one-year time bar enumerated at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The present one, filed on April 5, 2018, is patently untimely.

We recount in detail the procedural posture of the present matter as it establishes that we are without power to act on any of Appellant's claims. The jurisdictional question is unavoidable, and because there is no equitable tolling, even if Appellant's abandonment by prior counsel caused the delay in

_____

[8] A review of our Supreme Court's docket reveals that Appellant filed a Petition for Writ of Habeas Corpus on August 11, 2009, at 172 MM 2009, that was denied on February 12, 2010. This does not alter the timeline for analyzing the timeliness of the PCRA petition under review.

filing the present petition, it does not alter the fact that the petition itself is untimely and Appellant has not established any exception to the time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/20