J-S24038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVE MELICE | : | |
| | : | |
| Appellant | : | No. 439 EDA 2022 |

Appeal from the PCRA Order Entered January 25, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002853-2013

BEFORE:  PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 15, 2022**

Steve Melice (Melice) appeals *pro se* from the order entered in the Court of Common Pleas of Montgomery County (PCRA court) denying his fourth petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546 as untimely.  Melice contends jurisdiction over his petition is appropriate under the newly-discovered facts exception to the PCRA time-bar. We affirm.

**I.**

**A.**

On January 16, 2015, Melice was convicted by a jury of driving under the influence of alcohol (DUI), aggravated assault by vehicle while DUI and

---

[*] Retired Senior Judge assigned to the Superior Court.

related offenses. The charges stem from a January 2013 car accident in which Melice drove with a blood alcohol content of 0.222% and crashed into a utility pole and a tree. His passenger, Richard Zimmerman, was severely injured in the accident and spent two and one-half months in a coma. Part of Zimmerman's spleen and pancreas were removed and he suffered multiple vertebrae fractures in his back. In August 2015, the trial court sentenced Melice to 10½ to 24 years of incarceration. On December 11, 2015, we dismissed Melice's counseled direct appeal for failure to file a docketing statement. Melice did not seek allowance of appeal in the Pennsylvania Supreme Court.

**B.**

In August 2016, Melice filed a timely, counseled PCRA petition raising several claims of ineffective assistance of trial counsel, including that he would have entered a plea agreement but for counsel's faulty advice.[1] After an evidentiary hearing, at which the PCRA court found Melice's testimony not credible, it denied the petition. On appeal, this Court dismissed for failure to file an appellate brief.

Melice filed a second PCRA petition in December 2017 advancing claims of ineffective assistance of first PCRA counsel, which the court dismissed as

_____

[1] **See** 42 Pa.C.S. § 9543(a)(2)(ii) (providing eligibility for relief on grounds of ineffective assistance of counsel).

untimely. We affirmed the PCRA court's order. (**See Commonwealth v. Melice**, 2018 WL 5783242 (Pa. Super. Ct. filed Nov. 5, 2018)).

Melice filed a *pro se* third PCRA petition in June 2019 contending that his second PCRA attorney failed to inform him that this Court denied relief on November 5, 2018, thus depriving him of the opportunity to seek allowance of appeal in the Pennsylvania Supreme Court. The PCRA court dismissed Melice's third petition as untimely. We reversed the dismissal and remanded for an evidentiary hearing. (**See Commonwealth v. Melice**, 239 A.3d 46 (Pa. Super. 2020)). The Commonwealth agreed at the conclusion of the hearing to the reinstatement of Melice's right to file a *nunc pro tunc* petition for allowance of appeal from this Court's November 2018 decision. Our Supreme Court denied his *nunc pro tunc* petition on July 7, 2021.

**C.**

Melice filed the instant *pro se* petition on July 28, 2021, in which he acknowledged that his PCRA petition is facially untimely but alleged that it fell within the newly-discovered facts exception to the time-bar based on a letter he received from the Supreme Court of Pennsylvania Office of Disciplinary Counsel (ODC) on August 27, 2019, regarding the license suspension of his trial counsel, Kevin Wray, Esq. The ODC sent this letter to Melice in response to an inquiry he made by letter dated August 14, 2019, in which he requested information regarding the disposition of the complaint he had filed against Attorney Wray in 2015 as it related to Attorney Wray's suspension. The ODC

advised that Attorney Wray was suspended by consent in July 2017 and that Melice's "complaint was not included in the suspension case, as it had already concluded [in October 2016], but it was considered as an aggravating circumstance by the parties and the Court in the Joint Petition." (Letter from Dana M. Pirone, Esq. to Melice, 8/27/19).[2]

In his PCRA petition, Melice maintains that although he previously had "unfounded suspicions" regarding Attorney Wray, this uncertainty was confirmed through the ODC's letter, and that this information constituted a newly-discovered fact. (PCRA petition, 7/28/21, at 3). According to Melice, the joint petition considered by the ODC showed that Attorney Wray exhibited "predatory conduct by deceiving his clients, engaging in theft by deception [by taking] money for legal promises (expert witnesses, appeals and motions to suppress)." (**Id.** at 4). Melice also set forth claims of Attorney Wray's ineffectiveness in this case by, *inter alia*, purportedly advising him against entering a plea agreement offered by the Commonwealth, failing to file a motion to suppress evidence, and in neglecting to call an expert witness at trial. (**See id.** at 2-4).

---

[2] In a subsequent letter, the ODC informed Melice that their investigation into his specific complaint showed a breach of the Rules of Professional Conduct by Attorney Wray, that appropriate disciplinary action had been taken, and that it considered the file closed. (**See** Letter from Paul J. Killion, Esq. to Melice, 9/12/19).

The PCRA court appointed new counsel to review Melice's fourth petition. Counsel determined that Melice's petition was untimely without exception to the time-bar because he was essentially seeking to relitigate previously denied PCRA claims through a new source (the OCD letter) and sought to withdraw from representation pursuant to **Turner**/**Finley**.[3]  The PCRA court granted counsel leave to withdraw and dismissed the petition on January 25, 2022. Melice filed the instant timely *pro se* appeal and an unsolicited Rule 1925(b) statement.  The PCRA court complied with Rule 1925(a).  **See** Pa.R.A.P. 1925(a)-(b).

## II.

## A.

On appeal, Melice contends that he meets the newly-discovered facts exception to the PCRA time-bar because when the ODC initially released its finding regarding Attorney Wray in 2017, he was in prison without adequate representation by counsel or internet access to find out this information. Melice explains that he "only learned of the facts on or about August 14, 2019" and that he exercised due diligence in bringing this petition upon learning of counsel's mental health issues, engagement in predatory legal practices, committing of theft by deception, lying to clients and the court, as well as his

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

acts of misconduct "which affected every critical stage of [his] criminal proceedings and 1st PCRA petition." (Melice's Brief at 12, 15; *see also id.* at 17, 20). He argues that "new facts admitted by [Attorney Wray] to the Supreme Court Disciplinary Board [] are tantamount to a constructive abandonment by trial counsel." (*Id.* at 12).

**B.**

We begin by noting that a PCRA petition, including a second or serial petition, must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S. § 9545(b)(1).[4] A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts cannot address the merits of an untimely petition. *See Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021).

Here, Melice's judgment of sentence became final on January 11, 2016, when his time for filing a petition for allowance of appeal on direct review with

---

[4] Our standard of review of a PCRA court order is whether its determination is supported by the evidence of record and is free of legal error. *See Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020*), appeal denied*, 242 A.3d 1290 (Pa. 2020). We grant great deference to the findings of the PCRA court and will not disturb them unless there is no support for the findings in the certified record. *See id.* However, we review the PCRA court's legal conclusions *de novo*. *See id.*

the Pennsylvania Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Notwithstanding that he has filed three other PCRA petitions, Melice filed the instant petition more than five years after his judgment of sentence became final. To overcome the one-year jurisdictional time-bar, Melice must plead and prove one of the three enumerated exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition invoking an exception must be filed within one year of the date the claim could have been presented. *See id.* at subsection (b)(2).

A petitioner satisfies this exception when he pleads and proves that: "(1) the **facts** upon which the claim is predicated were **unknown** and (2) could not have been ascertained by the exercise of **due diligence**." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa. Super. 2018) (citation omitted; emphasis in original). "Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may

support a claim for collateral relief, but does not require perfect vigilance or punctilious care." *Id.* (citation omitted). Additionally, it is well settled "that the focus of the exception found at § 9545(b)(1)(ii) is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims." *Maxwell*, *supra* at 745 (citation omitted).

## C.

As previously noted, Melice claims applicability of the newly-discovered facts exception at Section 9545(b)(1)(ii) based on the August 2019 ODC letter concerning the license suspension of Attorney Wray. In denying his petition, the PCRA court found that the ODC letter did not constitute new facts but a thinly veiled attempt by Melice to relitigate already addressed ineffective assistance of counsel issues in prior PCRA petitions. It explained:

> Trial counsel was suspended by consent on July 6, 2017, for conduct committed in connection with his representation of other clients. By this time, defendant already had filed a first PCRA petition in which he assailed trial counsel's performance for many of the same reasons he asserts now. This court held a hearing on those claims and rejected them after finding, *inter alia*, that defendant did not testify credibly. Notably, this court did not credit defendant's self-serving testimony that he would have taken a plea offer but for trial counsel's alleged faulty advice. Moreover, defendant now seeks to litigate the following issues, all of which were known, or should have been known, to him long ago: trial counsel had advised defendant against taking a plea bargain; trial counsel received funds for, but did not file, a pre-trial motion to suppress; trial counsel was late for or missed court appearances; trial counsel received fund for, but did not present at trial, an expert witness; and trial counsel did not turn over defendant's file to sentencing counsel and did not timely turn over defendant's file to direct appeal counsel. None represents a new

> fact warranting an exception to the PCRA's limitations period. Indeed, as defendant's most recent PCRA counsel aptly wrote "defendant merely seeks to relitigate his previously denied PCRA claims by relying on recent disclosures of old information, albeit from a new source, the Disciplinary Board."

(PCRA Court Opinion, 4/08/22, at 4-5) (record citation omitted).

We agree with the PCRA court's conclusion that the ODC's August 2019 letter served merely as a new corroborative source for previously known or easily uncovered facts and claims concerning the ineffectiveness of Attorney Wray, namely, that he advised Melice against taking a plea bargain (already litigated in the first PCRA); received funds for, but did not file, a pre-trial motion to suppress; was late for or missed court appearances; did not present at trial an expert witness; did not turn over defendant's file to sentencing counsel; and did not timely give defendant's file to direct appeal counsel. Regardless of the ODC letter, those are the types of facts that are knowable within the one-year period. As to Attorney Wray's ineffectiveness and/or misconduct involving other clients, Melice was unable to establish a nexus between Wray's misconduct in representing other clients in unrelated cases to a potential change in the outcome of this case.[5]

_____

[5] Although Melice emphasizes in his brief that he is not raising new ineffective assistance of trial counsel claims, he clearly checked the box indicating that he is pursuing such claims in his PCRA petition and he listed several instances of counsel's alleged ineffectiveness. (*See* PCRA Petition, 1/28/21 at 2, 4; *see also* Melice's Brief, at 20). We, therefore, note it is well-settled that framing a claim in terms of ineffectiveness will not save an otherwise untimely filed petition from application of the time restrictions of the PCRA. *See* *(Footnote Continued Next Page)*

In sum, because Melice's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2022

---

*Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (observing there is no statutory exception to PCRA time-bar applicable to claims alleging ineffectiveness of counsel and that the PCRA places time limitations on such claims in order to strike reasonable balance between society's need for finality in criminal cases and a convicted person's need to demonstrate there has been an error in proceedings).